# EXHIBIT A

**All filings from the Eighth Judicial District
Court Case No. A-22-849669-C**

Electronically Filed
3/14/2022 4:10 PM
Steven D. Grierson
CLERK OF THE COURT

**CII**
WRIGHT, FINLAY & ZAK, LLP
Darren T. Brenner, Esq.
Nevada Bar No. 8386
Rock K. Jung, Esq.
Nevada Bar No. 10906
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
rjung@wrightlegal.net
*Attorneys for Plaintiff,*
*Carrington Foreclosure Services, LLC*

CASE NO: A-22-849669-C
Department 11

## DISTRICT COURT
## CLARK COUNTY, NEVADA

CARRINGTON FORECLOSURE SERVICES, LLC.,

        Plaintiff,

        vs.

SCOTT J. POLETTO, an individual; SECRETARY OF THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; GREAT BASIN FEDERAL CREDIT UNION; TUSCANY MASTER ASSOCIATION; REPUBLIC SILVER STATE DISPOSAL, INC. DBA REPUBLIC SERVICES; DOES 1 through 10, inclusive; and ROES 1 through 10, inclusive,

        Defendants.

Case No.:
Dept. No.:

**COMPLAINT IN INTERPLEADER**

**Arbitration Exemption Claimed:**
   1) **Declaratory Relief**

## <u>COMPLAINT IN INTERPLEADER</u>

Carrington Foreclosure Services, LLC, by and through its attorney of record, Darren T. Brenner, Esq., and Rock K. Jung, Esq., of the law firm of Wright, Finlay & Zak, LLP, alleges the following Causes of Action against Defendants Scott J. Poletto; the Secretary of the U.S. Department of Housing and Urban Development; Great Basin Federal Credit Union; Tuscany

Master Association; Republic Silver State Disposal, Inc. dba Republic Services; DOES 1 through 10, inclusive; and ROES 1 through 10, inclusive (together "Defendants") as follows:

## PARTIES AND JURISDICTION

1.      This action concerns the interpleader of excess proceeds resulting from a nonjudicial foreclosure sale of the real property located at 952 Via Vannucci Way, Henderson, NV 89011, APN: 160-32-713-057 (the "Property").

2.      At all times relevant herein, Plaintiff, Carrington Foreclosure Services, LLC ("Carrington" or "Plaintiff"), is a foreign limited-liability company organized under the laws of Delaware and authorized to conduct business in the State of Nevada.

3.      At all times relevant herein, Scott J. Poletto, an individual, and upon information and belief a citizen of Clark County, Nevada, had an interest in the Property at the time of the subject foreclosure, which is located in Clark County, Nevada.

4.      At all times relevant herein, the Secretary of the U.S. Department of Housing and Urban Development ("HUD"), is a domestic governmental entity and had an interest in the Property at the time of the subject foreclosure sale.

5.      At all times relevant herein, the Great Basin Federal Credit Union ("Great Basin"), upon information and belief is authorized to conduct business in the State of Nevada and had an interest in the Property at the time of the subject foreclosure sale.

6.      At all times relevant herein, the Tuscany Master Association ("HOA") is a domestic nonprofit corporation authorized to conduct business in the State of Nevada and had an interest in the Property at the time of the subject foreclosure sale.

7.      At all times relevant herein, Republic Silver State Disposal, Inc. dba Republic Services is a domestic corporation authorized to conduct business in the State of Nevada and had an interest in the Property at the time of the subject foreclosure sale.

8.      The names given to the Defendants sued herein as Doe Individuals I through X and Roe Corporation XI through XX, inclusive, are fictitious names. Other parties unknown to Plaintiff may have caused Plaintiff to incur damages as pled herein or may have an interest in the Property. Plaintiff prays that if and when the true names of any said defendants, or any of them, and the

1   nature of their alleged actions and/or interest are ascertained, that they may be inserted herein by

2   proper amendment. Plaintiff has no knowledge of the addresses or place of residence of any

3   fictitious defendants.

4          9.      Jurisdiction and venue are proper in this Court because this action concerns real

5   property located in Clark County, State of Nevada, and the facts, acts, events and circumstances

6   herein mentioned, alleged and described occurred in the Clark County, State of Nevada. Each

7   Defendant, moreover, has established the minimal contacts necessary to assert personal

8   jurisdiction by obtaining an interest in the Property

9                          **THE UNDERLYING FORECLOSURE SALE**

10         10.     Plaintiff hereby repeats, realleges, and incorporates by reference each and every

11  preceding paragraph and allegation as if fully stated herein.

12         11.     Scott J. Poletto executed a deed of trust to secure a loan in the amount of

13  $392,251.00 to purchase the Property which was recorded on May 29, 2009, naming MetLife

14  Home Loans, a Division of MetLife Bank, N.A. as the Lender; Nevada Title Company as the

15  Trustee; and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, solely

16  as a nominee for Lender and Lender's successors and assigns ("Deed of Trust").[1]

17         12.     On or about October 27, 2011, the Deed of Trust was assigned to MetLife Home

18  Loans, A Division of MetLife Bank, N.A.[2]

19         13.     On or about May 21, 2013, the Deed of Trust was assigned to JPMorgan Chase

20  Bank, National Association.[3]

21

22

23

---

24  [1] Attached as Exhibit "**1**" is a true and correct copy of the Deed of Trust recorded in the Clark
25  County Recorder's Office on May 29, 2009, as Book and Instrument No. 20090529-0003285.
    [2] Attached as Exhibit "**2**" is a true and correct copy of the Corporate Assignment of Deed of
26  Trust recorded in the Clark County Recorder's Office on November 17, 2011, as Book and
    Instrument No. 20111117-0002274.
27  [3] Attached as Exhibit "**3**" is a true and correct copy of the Corporate Assignment of Deed of
28  Trust recorded in the Clark County Recorder's Office on May 24, 2013, as Book and Instrument
    No. 201305240002914.

14.　　On May 28, 2013, a Nevada Assignment of Deed of Trust was recorded assigning the Deed of Trust to JPMorgan Chase Bank, National Association.[4]

15.　　On May 27, 2016, a Substitution of Trustee was recorded against the Property naming MCT Financial Inc. dba Trustee Corps as the Trustee under the aforementioned Deed of Trust.[5]

16.　　On March 28, 2019, a Substitution of Trustee was recorded against the Property naming Quality Loan Service Corporation as the Trustee under the aforementioned Deed of Trust.[6]

17.　　On September 16, 2020, a Corporate Assignment of Deed of Trust was recorded assigning the Deed of Trust to Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust F.[7]

18.　　On April 27, 2021, a Substitution of Trustee was recorded against the Property naming Plaintiff as the Trustee under the aforementioned Deed of Trust.[8]

19.　　On October 12, 2021, a Gap Assignment of Deed of Trust was recorded.[9]

20.　　After Mr. Poletto became delinquent on the loan secured by the Deed of Trust, Plaintiff, after filing and mailing all required notices and taking all actions required by Nevada law, conducted a nonjudicial foreclosure on the Property on December 7th, 2021 ("Foreclosure

---

[4] Attached as Exhibit "**4**" is a true and correct copy of the Nevada Assignment of Deed of Trust recorded in the Clark County Recorder's Office on May 28, 2013, as Book and Instrument No. 201305280002342.

[5] Attached as Exhibit "**5**" is a true and correct copy of the Substitution of Trustee recorded in the Clark County Recorder's Office on May 27, 2016, as Book and Instrument No. 20160527-0003258.

[6] Attached as Exhibit "**6**" is a true and correct copy of the Substitution of Trustee recorded in the Clark County Recorder's Office on March 28, 2019, as Book and Instrument No. 20190328-0000739.

[7] Attached as Exhibit "**7**" is a true and correct copy of the Corporate Assignment of Deed of Trust recorded in the Clark County Recorder's Office on September 16, 2020, as Book and Instrument No. 20200916-0002061.

[8] Attached as Exhibit "**8**" is a true and correct copy of the Substitution of Trustee recorded in the Clark County Recorder's Office on April 27, 2021, as Book and Instrument No. 20210427-0001346.

[9] Attached as Exhibit "**9**" is a true and correct copy of the Gap Assignment of Deed of Trust recorded in the Clark County Recorder's Office on October 12, 2021, as Book and Instrument No. 20211012-0000900.

Sale").[10] The amount of unpaid debt at the time of the Foreclosure Sale was $393,480.55 and the Property sold for $480,000.00 producing approximately $86,519.45 in excess proceeds (the "Excess Proceeds).[11]

21.     Plaintiff has no interest in the Excess Proceeds, except to the extent of its attorney's fees and costs, reimbursable from the Excess Proceeds pursuant to NRS 40.462.

22.     On or about December 29th, 2021, the Excess Proceeds were delivered to Wright, Finlay & Zak, LLP ("WFZ") and were then deposited into and remain in WFZ's client trust account. Upon written order of this Complaint, WFZ will deposit the Excess Proceeds minus the aforementioned reimbursable attorney's fees and costs with the Court.

## FIRST CAUSE OF ACTION

### (Interpleader (NRS 40.462 and NRCP 22) – Against All Defendants)

23.     Plaintiff repeats and realleges all previous allegations as if fully set forth herein.

24.     Upon review of the records with the Clark County Recorder's office, and according to the title report obtained by Plaintiff before foreclosure, Defendants may each have had a legally enforceable interest in the Property at the time Plaintiff foreclosed on the Property, and their interests were likely extinguished by the foreclosure. As such, Defendants may each have a competing interest in the Excess Proceeds.  Plaintiff does not, however, know the current status of such interests, nor does it have knowledge how the funds should be distributed to the various Defendants.  Plaintiff is therefore faced with potential for multiple liability.

25.     Plaintiff will serve the defendants with this Complaint, and it requests that the Court determine how such funds should be distributed pursuant to NRS 40.462.

26.     Plaintiff has incurred attorneys' fees and costs in preparing, filing and prosecuting this action and seeks reimbursement for those attorneys' fees and costs from the amount deposited with the Court per NRS 40.462.

---

[10] Attached as Exhibit "10" is a true and correct copy of the Trustee's Deed Upon Sale recorded in the Clark County Recorder's Office on December 20, 2021, as Book and Instrument No. 20211220-0003446.
[11] *Id*.

27.     Plaintiff requests that, after the parties have been served, or at such other appropriate time, that it be dismissed from this action, as it has no direct interest in the interpleaded funds other than payment of its attorney's fees and costs for bringing the instant action.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants in Interpleader and each of them as follows:

1.  For an Order permitting Plaintiff to be reimbursed its attorney's fees and costs out of the Excess Proceeds and deposit the remaining balance of the Excess Proceeds with the Court;

2.  Upon deposit of the remaining Excess Proceeds with the Court, for an Order dismissing Plaintiff from the litigation;

3.  For an Order determining which, if any, Defendants are entitled to the Excess Proceeds from the Trustee's Sale and further the amount, if any, to which each shall be entitled;

4.  For an Order restraining each Defendant from instituting any action against Plaintiff for the Excess Proceeds from the Trustee's Sale other than those sums to be tendered to this Court;

5.  That Defendants in Interpleader and each of them be required to litigate amongst themselves their respective claims to the proceeds described herein; and

6.  For such other and further relief as the Court deems just and equitable under the circumstances.

Dated this 14th day of March, 2022.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Rock K. Jung*
Darren T. Brenner, Esq.
Nevada Bar No. 8386
Rock K. Jung, Esq.
Nevada Bar No. 10906
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
*Attorneys for Plaintiff,*
*Carrington Foreclosure Services, LLC*

# EXHIBIT 1

|||||| ||| || |||| ||| || ||| ||| || |||||||
**20090529-0003285**
Fee: $29.00      RPTT: $0.00
N/C Fee: $25.00
05/29/2009      11:00:23
T20090188057
Requestor:
  NEVADA TITLE LAS VEGAS
Debbie Conway        GWC
Clark County Recorder    Pgs: 16

APN# 160-32-713-057
Escrow No.: 09-05-0856-SC

Return to:
Metlife Home Loans –Post Closing Mail Room
1555 W. Walnut Hill Lane #200 MC 6712
Irving, TX 75038

Mail Tax Statements To:
Total Mortgage Solutions
1555 W. Walnut Hill Lane, Suite 200A
Irving, TX 75038

# DEED OF TRUST

TITLE OF DOCUMENT
(This cover page must be typed or printed)

THE UNDERSIGNED HEREBY AFFIRMS THAT THERE IS **NO** PERSONAL INFORMATION
CONTAINED IN THE DOCUMENT.

BY: _____
NAME PRINT:  S. Johnson

THE UNDERSIGNED HEREBY AFFIRMS THAT THERE IS **IS** PERSONAL INFORMATION
CONTAINED IN THIS DOCUMENT AS REQUIRED BY
LAW: _____

BY: _____
NAME PRINT:

Assessor's Parcel Number:
County: 160-32-713-057 City: N/A
Return To: MetLife Home Loans - POST CLSG MAIL RM

1555 W Walnut Hill Ln #200 MC 6712
Irving , TX 75038


Prepared By:  MetLife Home Loans,
a Division of MetLife Bank, N.A.
1401 N Green Valley Pkwy., Suite 250
Henderson, NV 89074


~~Recording Requested By:~~
MetLife Home Loans
4000 Horizon Way, Suite 100
Irving, TX 75063

09-05-0856-SC ————[Space Above This Line For Recording Data]————

State of Nevada

# DEED OF TRUST

| FHA Case No. |
| 332-4924924-703 |

MIN 100749500720127433


THIS DEED OF TRUST ("Security Instrument") is made on   May 23, 2009
The Grantor is  SCOTT J POLETTO, A ~~Married~~ Man
SINGLE



("Borrower"). The trustee is    NEVADA TITLE COMPANY


---

0072012743
FHA Deed of Trust with MERS-NV
VMP®
Wolters Kluwer Financial Services

Revised 4/96 Amended 2/98
VMP4N(NV) (0809).00
Page 1 of 11
Initials: _____

("Trustee"). The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**MetLife Home Loans, a Division of MetLife Bank, N.A.**                    , ("Lender")
is organized and existing under the laws of    **THE UNITED STATES OF AMERICA**                    ,
and whose address is    **4000 HORIZON WAY,**
**IRVING, TEXAS 75063**                          . Borrower owes Lender the principal sum of
**THREE HUNDRED NINETY TWO THOUSAND TWO HUNDRED FIFTY ONE & 00/100**
                              Dollars (U.S. $          **392,251.00** ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on   **JUNE 1, 2039**                    . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to the Trustee, in trust, with power of sale, the following described property located in **Clark**                                County, Nevada:
**All that tract or parcel of land as shown on Schedule "A" attached**
**hereto which is incorporated herein and made a part hereof.**

which has the address of    **952 VIA VANNUCCI WAY**                                    [Street]
**HENDERSON**                            [City], Nevada    **89011**        [Zip Code]
("Property Address");
    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.
    BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of

0072012743
FHA Deed of Trust with MERS-NV                          Revised 4/96 Amended 2/98
VMP®                                                     VMP4N(NV) (0809).00
Wolters Kluwer Financial Services                        Page 2 of 11
                                                         Initials:

record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

**2. Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

<u>First</u>, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

---

0072012743
FHA Deed of Trust with MERS-NV
VMP®
Wolters Kluwer Financial Services

Revised 4/96 Amended 2/98
VMP4N(NV) (0809).00
Page 3 of 11
Initials:

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

---

0072012743
FHA Deed of Trust with MERS-NV
VMP®
Wolters Kluwer Financial Services

Revised 4/96 Amended 2/98
VMP4N(NV) (0809).00
Page 4 of 11
Initials:

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

   (a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

      (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

      (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

---

0072012743
FHA Deed of Trust with MERS-NV
VMP®
Wolters Kluwer Financial Services

Revised 4/96 Amended 2/98
VMP4N(NV) (0809).00
Page 5 of 11
Initials: _____

**(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

    (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

    (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's

---

0072012743
FHA Deed of Trust with MERS-NV
VMP®
Wolters Kluwer Financial Services

Revised 4/96 Amended 2/98
VMP4N(NV) (0809).00
Page 6 of 11
Initials: ___

successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

0072012743
FHA Deed of Trust with MERS-NV
VMP®
Wolters Kluwer Financial Services

Revised 4/96 Amended 2/98
VMP4N(NV) (0809).00
Page 7 of 11
Initials:

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold, and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender shall mail copies of the notice as prescribed by applicable law to Borrower and to the persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

---

0072012743
FHA Deed of Trust with MERS-NV
VMP®
Wolters Kluwer Financial Services

Revised 4/96 Amended 2/98
VMP4N(NV) (0809).00
Page 8 of 11
Initials:

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.

20. Substitute Trustee. Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

21. Assumption Fee. If there is an assumption of this loan, Lender may charge an assumption fee of U.S. $ dollars not to exceed the maximum allowable per HUD.

22. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider            ☐ Growing Equity Rider          ☐ Other [specify]
☒ Planned Unit Development Rider  ☐ Graduated Payment Rider

0072012743
FHA Deed of Trust with MERS-NV                                Revised 4/96 Amended 2/98
VMP®                                                          VMP4N(NV) (0809).00
Wolters Kluwer Financial Services                             Page 9 of 11
                                                             Initials: _____

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____        _____ (Seal)
                                     SCOTT J POLETTO                 -Borrower

_____        _____ (Seal)
                                                                     -Borrower

_____ (Seal)      _____ (Seal)
                  -Borrower                                          -Borrower

_____ (Seal)      _____ (Seal)
                  -Borrower                                          -Borrower

_____ (Seal)      _____ (Seal)
                  -Borrower                                          -Borrower

_____

0072012743
FHA Deed of Trust with MERS-NV                          Revised 4/96 Amended 2/98
VMP ®                                                      VMP4N(NV) (0809).00
Wolters Kluwer Financial Services                             Page 10 of 11
                                                           Initials:

**STATE OF NEVADA**

**COUNTY OF        CLARK**

This instrument was acknowledged before me on   *May 23, 2009*        by
**SCOTT J POLETTO**

_____

Mail Tax Statements To:
**TOTAL MORTGAGE SOLUTIONS, LP**
**1555 W. WALNUT HILL LANE, SUITE 200A**
**IRVING, TX  75038**

S. JOHNSON
Notary Public State of Nevada
No. 04-88927-1
My appt. exp. May 12, 2012

*S. Johnson*
*04-88927-1*
*May 12, 2012*

_____

**0072012743**
FHA Deed of Trust with MERS-NV
VMP ®
Wolters Kluwer Financial Services

Revised 4/96 Amended 2/98
VMP4N(NV) (0809).00
Page 11 of 11
Initials:

Escrow No.: 09-05-0856-SC

## EXHIBIT "A"

## LEGAL DESCRIPTION

PARCEL I:

LOT FIFTY-SEVEN (57) IN BLOCK THREE (3) OF TUSCANY PARCEL 16
(FORMERLY KNOWN AS PALM CITY-PHASE 1 LOT 16), AS SHOWN BY MAP
THEREOF ON FILE IN BOOK 128, OF PLATS, PAGE 100, IN THE OFFICE OF
THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

PARCEL II:

A NON-EXCLUSIVE EASEMENT AND OTHER RIGHTS AS SET FORTH AND
ESTABLISHED BY THAT CERTAIN "DECLARATION OF EASEMENTS,
COVENANTS AND RESTRICTIONS" RECORDED FEBRUARY 23, 2004 IN
BOOK 20040223 AS DOCUMENT NO. 01927 AND RE-RECORDED JULY 14, 2004
IN BOOK 20040714 AS DOCUMENT NO. 01407, OFFICIAL RECORDS, CLARK
COUNTY, NEVADA.

PARCEL III:

A NON-EXCLUSIVE RIGHT AND EASEMENT OF USE AND ACCESS IN AND
TO THE COMMON ELEMENTS AND PRIVATE STREETS SUBJECT TO AND AS
SET FORTH IN THE "MASTER DECLARATION OF COVENANTS, CONDITIONS
AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR TUSCANY
RESIDENTIAL COMMUNITY" RECORDED JULY 28, 2005 IN BOOK 20050728
AS DOCUMENT NO. 04296, OFFICIAL RECORDS, CLARK COUNTY, NEVADA.

# PLANNED UNIT DEVELOPMENT RIDER

0072012743

| FHA Case No. |
|---|
| 332-4924924-703 |

THIS PLANNED UNIT DEVELOPMENT RIDER is made this **23rd** day of **May** **2009** , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note ("Note") to **MetLife Home Loans, a Division of MetLife Bank, N.A.**

("Lender") of the same date and covering the Property described in the Security Instrument and located at:
**952 VIA VANNUCCI WAY, HENDERSON, NV 89011**

[Property Address]
The Property Address is a part of a planned unit development ("PUD") known as
**TUSCANY PARCEL 16**

[Name of Planned Unit Development]
**PUD COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. So long as the Owners Association (or equivalent entity holding title to common areas and facilities), acting as trustee for the homeowners, maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property located in the PUD, including all improvements now existing or hereafter erected on the mortgaged premises, and such policy is satisfactory to Lender and provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and other hazards included within the term "extended coverage," and loss by flood, to the extent required by the Secretary, then: (i) Lender waives the provision in Paragraph 2 of this Security Instrument for the monthly payment to Lender of

---

FHA PUD Rider                                              VMP589U (0806).00
VMP®                                                       Page 1 of 3
Wolters Kluwer Financial Services © 2008                   Initials:

one-twelfth of the yearly premium installments for hazard insurance on the Property, and (ii) Borrower's obligation under Paragraph 4 of this Security Instrument to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy. Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage and of any loss occurring from a hazard. In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Security Instrument, with any excess paid to the entity legally entitled thereto.

B.   Borrower promises to pay all dues and assessments imposed pursuant to the legal instruments creating and governing the PUD.

C.   If Borrower does not pay PUD dues and assessments when due, the Lender may pay them. Any amounts disbursed by Lender under this paragraph C shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

---

0072012743
FHA PUD Rider
VMP®
Wolters Kluwer Financial Services © 2008

VMP589U (0806).00
Page 2 of 3
Initials: _____

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_____ (Seal)     _____ (Seal)
SCOTT J POLETTO              -Borrower                                  -Borrower

*Scott. J. Poletto*

_____ (Seal)     _____ (Seal)
                            -Borrower                                  -Borrower

_____ (Seal)     _____ (Seal)
                            -Borrower                                  -Borrower

_____ (Seal)     _____ (Seal)
                            -Borrower                                  -Borrower

0072012743
FHA PUD Rider                             VMP589U (0806).00
VMP®                                      Page 3 of 3
Wolters Kluwer Financial Services © 2008  Initials: ___

EXHIBIT 2

Inst #: 201111170002274
Fees: $18.00
N/C Fee: $0.00
11/17/2011 12:19:32 PM
Receipt #: 981257
Requestor:
SERVICELINK IRVINE
Recorded By: MGM  Pgs: 2
**DEBBIE CONWAY**
CLARK COUNTY RECORDER

# NEVADA

. COUNTY OF *CLARK*
POOL NO.        **SERVICELINK**
LOAN NO. *0072012743*

PARCEL NO. *160-32-713-057*

*101 2274*

*Assignment-Interv.-Recorded*
PREPARED BY SECURITY CONNECTIONS, INC.
WHEN RECORDED MAIL TO:
*SECURITY CONNECTIONS INC.*                         MAIL TAX STATEMENTS TO:
*240 TECHNOLOGY DRIVE*
*IDAHO FALLS, ID 83401*
*PH:(208)528-9895*
*ATTN:  KARLEEN MAUGHAN*

CORPORATE  ASSIGNMENT  OF  DEED  OF  TRUST
FOR VALUE RECEIVED, *MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,*

located at *1901 E VOORHEES ST. SUITE C,  , DANVILLE, IL 61834*
hereby grants, assigns, and transfers to *METLIFE HOME LOANS, A DIVISION OF*
*METLIFE BANK, N.A.*

located at  *4000 HORIZON WAY   IRVING, TX 75063*
                                                                                  all
beneficial interest under that certain Deed of Trust dated *MAY 23, 2009*
executed by *SCOTT J POLETTO, A SINGLE MAN*
                                                                       Trustor,
to *NEVADA TITLE COMPANY*
                                                                        Trustee,
and recorded as Instrument No. *0003285*          on *MAY 29, 2009*        ,
in book *20090529*        , page *N/A*          , of Official Records in the
County Recorder's office of *CLARK*                County, Nevada,
describing land therein as:
          AS DESCRIBED ON SAID DEED OF TRUST REFERRED TO HEREIN.
TOGETHER all rights accrued or to accrue under said Deed of Trust.

Loan No.
I the undersigned hereby affirm that this document submitted for
recording does not contain the social security number of any
person or persons.  (per NRS 239B.030)

SIGNATURE    **Debbie Foster**      *ASSISTANT SECRETARY*
*J=ml8070111ai.MIN:100129500720127433  MERS PHONE: 1-888-679-6377*    Page 1 of 2

LOAN NO. 0072012743
Dated: _____10-27-2011_____.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By _____        By _____
       Debbie Foster                                     N/A
   ASSISTANT SECRETARY


STATE OF _____TEXAS_____)
                                                    ) ss
COUNTY OF _____DALLAS_____)

On __10·27·11_____, before me, the undersigned, personally
appeared _____Debbie Foster_____ known to me to be the
person who executed the within instrument as the ASSISTANT SECRETARY
_____, and ____N/A_____
know to me be the person who executed the within instrument as the _____
_____ of the Corporation
that executed the within instrument and acknowledged to me that the
executed the within instrument pursuant to its by-laws or a resolution
of board of directors.

WITNESS my hand and official seal.

                                              BRENDA JENKINS
                                          Notary Public, State of Texas
                                             My Commission Expires
                                             September 30, 2015

_____
NOTARY PUBLIC                        THIS SPACE PROVIDED FOR RECORDER'S USE

RECORDING REQUESTED BY:
METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A.
  4000 HORIZON WAY
  IRVING, TX 75063


P=S.002.00284.31     C=s.031.0259
J=ml8070111ai.s.0519⁷
 (NMRI.NV.2)                    MIN 100749500720127433  MERS PHONE: 1-888-679-6377
                                         Page 2 cf 2

EXHIBIT 3

Inst #: 201305240002914
Fees: $18.00
N/C Fee: $0.00
05/24/2013 08:06:48 AM
Receipt #: 1628465
Requestor:
NATIONWIDE TITLE CLEARING
Recorded By: MSH   Pgs: 2

**DEBBIE CONWAY**

CLARK COUNTY RECORDER

I hereby affirm that this document submitted for
recording does not contain a social security number.

Signed:

Parcel #: 160-32-713-057

When Recorded Mail To:
JPMorgan Chase Bank, NA
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

Loan #: 4500425780

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Contact JPMORGAN CHASE BANK, N.A. for this instrument 780 Kansas Lane, Suite A, Monroe, LA 71203, telephone # (866) 756-8747, which is responsible for receiving payments.

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, METLIFE BANK, NATIONAL ASSOCIATION ALSO KNOWN AS METLIFE HOME LOANS, A DIVISON OF METLIFE BANK, N.A., WHOSE ADDRESS IS 700 KANSAS LANE, MC 8000, MONROE, LA, 71203, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Deed of Trust with all interest secured thereby, all liens, and any rights due or to become due thereon to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WHOSE ADDRESS IS 700 KANSAS LANE, MC 8000, MONROE, LA 71203 (866)756-8747, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).

Said Deed of Trust made by SCOTT J. POLETTO, and recorded on 05/29/2009 as Instrument # 20090529-0003285, and/or Book n/a, Page n/a, in the Recorder's office of CLARK County, Nevada.

Dated on ___/___/2013 (MM/DD/YYYY)
METLIFE BANK, NATIONAL ASSOCIATION ALSO KNOWN AS METLIFE HOME LOANS, A DIVISON OF METLIFE BANK, N.A., by JPMORGAN CHASE BANK, N.A., its Attorney-in-Fact

By:

  

JPCAS 20182067 -@ CHASE CJ5009467   T2113055313   [C] FRMNV1

**Parcel #: 160-32-713-057**
**Loan #: 4500425780**

STATE OF LOUISIANA
PARISH OF OUACHITA
On 05 21 /2013 (MM/DD/YYYY), before me appeared , to me personally known, who did say that he/she/they is/are the Vice President of JPMORGAN CHASE BANK, N.A. as Attorney-in-Fact for METLIFE BANK, NATIONAL ASSOCIATION ALSO KNOWN AS METLIFE HOME LOANS, A DIVISON OF METLIFE BANK, N.A. and that the instrument was signed on behalf of the corporation (or association), by authority from its board of directors, and that he/she/they acknowledged the instrument to be the free act and deed of the corporation (or association).

Signed: _____

Notary Public - State of LOUISIANA
Commission expires: Upon My Death

HELEN P. TUBBS
OUACHITA PARISH, LOUISIANA
LIFETIME COMMISSION
NOTARY ID# 40392

**Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152**
JPCAS 20182067 -@ CHASE CJ5009467   T2113055313   [C] FRMNV1

EXHIBIT 4

Inst #: 201305280002342
Fees: $20.00
N/C Fee: $0.00
05/28/2013 02:29:47 PM
Receipt #: 1631771
Requestor:
LENDER PROCESSING SERVICES
Recorded By: JACKSM  Pgs: 4
**DEBBIE CONWAY**
CLARK COUNTY RECORDER

Assessor's Parcel No.: 160-32-713-057

Recording Requested by:
**JPMorgan Chase Bank, National Association**
When Recorded Mail To:
**PEIRSONPATTERSON, LLP**
**ATTN: RECORDING DEPT.**
**13750 OMEGA ROAD**
**DALLAS, TX 75244-4505**

This document prepared by:
**PEIRSONPATTERSON, L.L.P.**
**WILLIAM H. PEIRSON**
**4400 ALPHA ROAD**
**DALLAS, TX  75244**

Mail Tax Statement To:
**JPMorgan Chase Bank, National Association**
**3415 Vision Drive**
**Columbus, OH 43219**

——————————————————*[Space Above This Line For Recording Data]*——————————————————

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

**Loan No.: 4500425780**

# NEVADA ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") does hereby grant, sell, assign, transfer and convey, unto **JPMorgan Chase Bank, National Association,** (herein "Assignee"), whose address is **700 KANSAS LANE, MC 8000, MONROE, LA 71203,** all beneficial interest under a certain Deed of Trust dated **May 23, 2009** and recorded on **May 29, 2009,** made and executed by **SCOTT J POLETTO,** to and in favor of **NEVADA TITLE COMPANY,** Trustee, upon the following described property situated in **CLARK** County, State of Nevada:
Property Address: **952 VIA VANNUCCI WAY, HENDERSON, NV 89011**

**See exhibit "A" attached hereto and made a part hereof.**

Nevada Assignment of Deed of Trust
JP Morgan Chase Bank N.A.                    **Page 1 of 3**                    **L73108/NV 01/12 Rev. 04/12**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
**\* 4 5 0 0 4 2 5 7 8 0 \***

such Deed of Trust having been given to secure payment of **Three Hundred Ninety Two Thousand Two Hundred Fifty One and 00/100ths ($392,251.00)**, which Deed of Trust is of record in Book, Volume, or Liber No. N/A, at Page N/A (or as No. **20090529-0003285**), in the office of the Recorder of **CLARK** County, State of Nevada.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on *May 6, 2013*.

Assignor:
**METLIFE BANK, NATIONAL ASSOCIATION, ALSO KNOWN AS METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A. BY ITS ATTORNEY-IN-FACT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**

By: _Sandy Lillie_
    Sandy Lillie

Its: _Vice President_

**Nevada Assignment of Deed of Trust**
**JP Morgan Chase Bank N.A.**                    Page 2 of 3                    L73108NV 01/12 Rev. 04/12

```
* 4 5 0 0 4 2 5 7 8 0 *
```

CLARK,NV                          Page 2 of 4                    Printed on 3/8/2022 10:59:25 AM
Document: DOT ASN 2013.0528.2342

### ACKNOWLEDGMENT

State of **Louisiana**                                      §
                                                           §
Parish of **Ouachita**                                     §

    On this _6 th_ day of _May, 2013_ , before me appeared _Sandy Lillie_ , to me personally known, who, being by me duly sworn (or affirmed) did say that he/she is the **VICE PRESIDENT**, of **JPMORGAN CHASE BANK, N.A.**, and that the seal affixed to said instrument is the corporate seal of said corporation and that the instrument was signed and sealed on behalf of the corporation by authority of its board of directors and that _She_ acknowledged the instrument to be the free act and deed of the corporation.

(Seal)

_Diana B. Fuller_
Signature of Person Taking Acknowledgment

_Diana B Fuller_
Printed Name

**Notary Public**
Title or Rank

Serial Number, if any: 134073

My Commission Expires: _Lifetime_

**Nevada Assignment of Deed of Trust**
**JP Morgan Chase Bank N.A.**                  Page 3 of 3                    L73108NV 01/12 Rev. 04/12

```
* 4 5 0 0 4 2 5 7 8 0 *
```

**EXHIBIT "A"**

PARCEL I:

LOT FIFTY-SEVEN (57) IN BLOCK THREE (3) OF TUSCANY PARCEL 16
(FORMERLY KNOWN AS PALM CITY-PHASE 1 LOT 16), AS SHOWN BY MAP
THEREOF ON FILE IN BOOK 128, OF PLATS, PAGE 100, IN THE OFFICE OF
THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

PARCEL II:

A NON-EXCLUSIVE EASEMENT AND OTHER RIGHTS AS SET FORTH AND
ESTABLISHED BY THAT CERTAIN "DECLARATION OF EASEMENTS,
COVENANTS AND RESTRICTIONS" RECORDED FEBRUARY 23, 2004 IN
BOOK 20040223 AS DOCUMENT NO. 01927 AND RE-RECORDED JULY 14, 2004
IN BOOK 20040714 AS DOCUMENT NO. 01407, OFFICIAL RECORDS, CLARK
COUNTY, NEVADA.

PARCEL III:

A NON-EXCLUSIVE RIGHT AND EASEMENT OF USE AND ACCESS IN AND
TO THE COMMON ELEMENTS AND PRIVATE STREETS SUBJECT TO AND AS
SET FORTH IN THE "MASTER DECLARATION OF COVENANTS, CONDITIONS
AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR TUSCANY
RESIDENTIAL COMMUNITY" RECORDED JULY 28, 2005 IN BOOK 20050728
AS DOCUMENT NO. 04296, OFFICIAL RECORDS, CLARK COUNTY, NEVADA.

EXHIBIT 5

Inst #: 20160527-0003258
Fees: $18.00
N/C Fee: $0.00
05/27/2016 02:06:22 PM
Receipt #: 2777407
Requestor:
HARMONY TITLE AGENCY
Recorded By: DXI  Pgs: 2
**DEBBIE CONWAY**
CLARK COUNTY RECORDER

**RECORDING COVER PAGE**

**APN 160-32-713-057**

---
**SUBSTITUTION OF TRUSTEE**
---

Trustee Sale No. NV07000164-16-1                     Title Order No. 97107338-77

RECORDING REQUESTED BY:

**Harmony Title Agency - PCT**

RETURN TO:

**TRUSTEE CORPS**
**17100 Gillette Ave**
**Irvine, CA 92614**

**This page provides additional information required by NRS 111.312 Sections 1-2.**

Case 2:22-cv-00606-JCM-BNW   Document 1-2   Filed 04/11/22   Page 38 of 80

Trustee Sale No. NV07000164-16-1                                    Title Order No. 97107338-77
Commonly known as: 952 VIA VANNUCCI WAY, HENDERSON, NV 89011

## SUBSTITUTION OF TRUSTEE

WHEREAS, SCOTT J POLETTO, A SINGLE MAN was the original Trustor(s), NEVADA TITLE
COMPANY was the original Trustee and MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. (MERS) as nominee for METLIFE HOME LOANS, A DIVISION OF METLIFE
BANK, N.A., its successors and assigns, was the original Beneficiary under that certain Deed of
Trust dated May 23, 2009 and recorded on May 29, 2009, as Instrument No. 20090529-0003285,
and that said Deed of Trust was modified by Modification Agreement recorded February 3, 2015,
as Instrument Number 20150203-0001534, of official records in the Office of the Recorder of
Clark County, Nevada;

WHEREAS, the undersigned current Beneficiary, desires to substitute a new Trustee under said
Deed of Trust in place of and instead of said original Trustee, or Successor Trustee, thereunder in
the manner in said Deed of Trust provided;

NOW THEREFORE, the undersigned hereby substitutes **MTC Financial Inc. dba Trustee
Corps**, whose address is 17100 Gillette Ave, Irvine, CA 92614, as Trustee under said Deed of
Trust.

Dated: 5/23/16                          JPMorgan Chase Bank, National Association

                                        By _____
                                              Danyell M Jackson          Vice President

State of    FLORIDA
County of   DUVAL

On 05·23·16 _____ before me,    Amanda Williams _____ Notary Public

in and for said county, personally appeared _____ Danyell M Jackson _____
who proved to me on the basis of satisfactory evidence to be the person whose name is
subscribed to the within instrument and acknowledged to me that he/she executed the same in
his/her authorized capacity, and that by his/her signature on the instrument the person, or the
entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _____ FLORIDA _____
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

*Amanda Williams*
Notary Public        Amanda Williams
   Notary Public State of Florida

AMANDA WILLIAMS
MY COMMISSION # FF194412
EXPIRES February 10, 2018
(407)398-0153    NotaryOfAmerica.com

EXHIBIT 6

**Inst #: 20190328-0000739**
**Fees: $40.00**
**03/28/2019 10:11:42 AM**
**Receipt #: 3668001**
**Requestor:**
**MCCARTHY & HOLTHUS, LLP**
**Recorded By: WIHD   Pgs: 2**
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**
**Src: ERECORD**
**Ofc: ERECORD**

APN No.: 160-32-713-057
Recording requested by:

When recorded mail to:
Quality Loan Service Corporation
2763 Camino Del Rio South
San Diego, CA 92108
619-645-7711

TS No.: NV-19-854970-CL

Space above this line for Recorder's use only

It is hereby affirmed that this document submitted for recording does not contain the social security number of any person or persons. (Per NRS 239B.030).

## SUBSTITUTION OF TRUSTEE

WHEREAS, **Scott J Poletto, a single man** was the original Trustor, **Nevada Title Company** was the original Trustee, and **Mortgage Electronic Registration Systems, Inc. as nominee for MetLife Home Loans, a Division of MetLife Bank, N.A., its successors and assigns** was the original Beneficiary under that certain Deed of Trust dated **5/23/2009** and recorded on **5/29/2009** as **Instrument No. 20090529-0003285** and modified as per Modification Agreement recorded 8/11/2017 as Instrument No. 20170811-0000603 of Official Records of **CLARK** County, **NV**; and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and stead of said original Trustee, or Successor Trustee, thereunder, in the manner provided for in said Deed of Trust,

NOW, THEREFORE, the undersigned hereby substitutes **QUALITY LOAN SERVICE CORPORATION** , as Trustee under said Deed of Trust.

TS No.: **NV-19-854970-CL**

Dated: 3/21/19

**JPMorgan Chase Bank, National Association**

By: _____
Title:    Kelly McWilliams
          Vice President

STATE OF: Louisiana
PARISH OF: Ouachita

On this ___21___ day of ___March___ , ___2019___ , before me personally appeared _____Kelly McWilliams_____ , to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that (he/she/they) executed it as (his/her/their) free act and deed.

_____
Notary Public

Print Name: _____Eva Reese_____

My commission expires: _____Lifetime_____

EVA REESE
OUACHITA PARISH, LOUISIANA
LIFETIME COMMISSION
NOTARY ID # 17070

EXHIBIT 7

Inst #: 20200916-0002061
Fees: $42.00
09/16/2020 01:15:04 PM
Receipt #: 4212847
Requestor:
Security Connections Inc
Recorded By: ANI   Pgs: 2
**Debbie Conway**
**CLARK COUNTY RECORDER**
Src: ERECORD
Ofc: ERECORD

**NEVADA**
COUNTY OF CLARK
LOAN NO.: 4500425780   [EBO IX CARRINGTON SALE]
PARCEL NO. 160-32-713-057
PREPARED BY: PEIRSONPATTERSON, LLP
WHEN RECORDED MAIL TO: ATTN: ASSIGNMENT DEPARTMENT
JPMORGAN CHASE BANK, N.A. C/O FIRST AMERICAN MORTGAGE
SOLUTIONS
1795 INTERNATIONAL WAY
IDAHO FALLS, ID 83402
MAIL TAX STATEMENTS TO:
WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF
STANWICH MORTGAGE LOAN TRUST F
1600 SOUTH DOUGLASS ROAD, SUITE 200-A, ANAHEIM, CA 92806
RECORDING REQUESTED BY: WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH
MORTGAGE LOAN TRUST F
1600 SOUTH DOUGLASS ROAD, SUITE 200-A, ANAHEIM, CA 92806

# CORPORATE ASSIGNMENT OF DEED OF TRUST

The undersigned does hereby affirm that this document, submitted for recording, does not contain the social
security number of any person or persons. (per NRS 239B.030)

FOR VALUE RECEIVED, **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**, located at **700
KANSAS LANE, MC 8000, MONROE, LA 71203**, Assignor, does hereby grant, assign, and transfer unto
**WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE
LOAN TRUST F**, located at **1600 SOUTH DOUGLASS ROAD, SUITE 200-A, ANAHEIM, CA 92806**,
Assignee, its successors and assigns, all Assignor's rights, title and interest in and to that certain Deed of Trust
dated **MAY 23, 2009**, executed by **SCOTT J POLETTO, A SINGLE MAN**, Trustor(s), to **NEVADA TITLE
COMPANY**, Trustee(s), for the benefit of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC., AS BENEFICIARY, AS NOMINEE FOR METLIFE HOME LOANS, A DIVISION OF METLIFE
BANK, N.A., ITS SUCCESSORS AND ASSIGNS**, the Original Beneficiary, and recorded on **MAY 29, 2009**
as Instrument No. **20090529-0003285; MODIFICATION RECORDED ON 02/03/2015 AS
DOCUMENT/INSTRUMENT # 20150203-0001534.** of the Official Records in the County Recorder's Office
for CLARK County, State of NEVADA, describing the land therein as:
**AS DESCRIBED IN SAID DEED OF TRUST REFERRED TO HEREIN**
TOGETHER with all rights accrued or to accrue under said Deed of Trust.

**CH8070117IM - AM - NV**            **Page 1 of 2**

IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed on _9/14/2020_.

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**

Name: **Sandy L Carter**
Title: **Vice President–Doc Execution**

STATE OF **LOUISIANA**       PARISH OF **OUACHITA**       ) ss.

On **9/14/2020** , before me appeared **Sandy L Carter** , to me personally known, who, being by me affirmed, did say that he is the **Vice President–Doc Execution** of **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION** and that the seal affixed to said instrument is the corporate seal of said entity and that the instrument was signed and sealed in behalf of the entity by authority of its Board of Directors and that **Sandy L Carter** acknowledged the instrument to be the free act and deed of the entity.

Janice D. Howard                (COMMISSION EXP.
**Lifetime**
NOTARY PUBLIC
ID OR BAR ROLL NUMBER:   **#026602**

Janice D. Howard
Ouachita Parish, Louisiana
Lifetime Commission
Notary Public ID # 026602

**CH8070117IM - AM - NV**                **Page 2 of 2**
**LOAN NO.: 4500425780**

EXHIBIT 8

**Inst #: 20210427-0001346**
Fees: $42.00
04/27/2021 09:15:13 AM
Receipt #: 4506787
Requestor:
**Title365 Newport**
Recorded By: OSA   Pgs: 2
**Debbie Conway**
**CLARK COUNTY RECORDER**
Src: ERECORD
Ofc: ERECORD

RECORDING REQUESTED BY:
Title365

AND WHEN RECORDED MAIL TO:
Carrington Foreclosure Services, LLC
P.O. Box 3309
Anaheim, California 92803
APN: 160-32-713-057

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No.: 20-24910
The undersigned hereby affirms that there is no Social Security number contained in this document.

## SUBSTITUTION OF TRUSTEE

    **WHEREAS, SCOTT J POLETTO, A SINGLE MAN** was the original Trustor, **NEVADA TITLE COMPANY** was the original Trustee, and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A** was the original Beneficiary under that certain Deed of Trust dated **5/23/2009** and recorded on **5/29/2009**, as Instrument No. **20090529-0003285** and under loan modificaiton recorded 8/11/2017 as instrument#20170811-0000603 of Official Records of Clark County, Nevada; and

    **WHEREAS,** the undersigned is the present Beneficiary under said Deed of Trust, and

    **WHEREAS,** the undersigned substitutes a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

    **NOW, THEREFORE,** the undersigned hereby substitutes **Carrington Foreclosure Services, LLC,** as Trustee under said Deed of Trust.
Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated: 4/9/2021

APR 1 3 2021

Carrington Mortgage Services, LLC – Servicer and Attorney-in-Fact for Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust F

Veronica Robles
Default Supervisor

T.S. No.:20-24910

**Substitution of Trustee**

A notary public or other officer completing this
certificate verifies only the identity of the
individual who signed the document to which this
certificate is attached, and not the truthfulness,
accuracy, or validity of that document

State of   California        } SS
County of  Orange           }

On _4/18/21_ · _____ before me, _Silvia E. Aleman_____ NOTARY PUBLIC, personally
appeared _Veronica Robles_____ who proved to me on the basis of satisfactory evidence
to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of CALIFORNIA that the foregoing paragraph
is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

> SILVIA E. ALEMAN
> Notary Public · California
> Orange County
> Commission # 2337329
> My Comm. Expires Nov 15, 2024

EXHIBIT 9

Case 2:22-cv-00606-JCM-BNW    Document 1-2    Filed 04/11/22    Page 49 of 80

Inst #: 20211012-0000900
Fees: $42.00
10/12/2021 09:54:05 AM
Receipt #: 4735191
Requestor:
JPMorganChase - eP4
Recorded By: SAO   Pgs: 4
**Debbie Conway**
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD

Assessor's Parcel No.: 160-32-713-057

Recording Requested by:
PeirsonPatterson, LLP
When Recorded Mail To:
JPMorgan Chase Bank, N.A.
Collateral Trailing Docs, Chase Recording Center
700 Kansas Lane, RE-MC 8000
Monroe, LA 71203

This document prepared by:
PEIRSONPATTERSON, LLP
WILLIAM H. PEIRSON
4400 ALPHA ROAD
DALLAS, TX 75244-4505

Mail Tax Statement To:
JPMorgan Chase Bank, National Association
3415 Vision Drive
Columbus, OH 43219

———————————[Space Above This Line For Recording Data]———————————

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON,
YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING
INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST
IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC
RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE
NUMBER.

Loan No.: 4500425780

# NEVADA
# GAP ASSIGNMENT OF DEED OF TRUST

This Gap Assignment is being made to correct the gap in the chain of
title. It is intended that this Gap Assignment shall be placed of record
immediately after that certain Assignment recorded 5/24/2013 as
Instrument Number 201305240002914 and before that certain
Assignment recorded 5/28/2013 as Instrument Number 201305280002342.

For Value Received, JPMorgan Chase Bank, National Association, the undersigned holder of a Deed of Trust
(herein "Assignor") does hereby grant, sell, assign, transfer and convey, unto MetLife Bank, National
Association, also known as MetLife Home Loans, a Division of MetLife Bank, N.A., (herein "Assignee"),
whose address is 4000 Horizon Way, Irving, TX  75063, all beneficial interest under a certain Deed of Trust

Nevada Gap Assignment of Deed of Trust
JPMorgan Chase Bank N.A. Project W2657          Page 1 of 3                                    G73108NV 09/13

dated May 23, 2009 and recorded on May 29, 2009, made and executed by SCOTT J POLETTO, to and in favor of NEVADA TITLE COMPANY, Trustee, upon the following described property situated in CLARK County, State of Nevada:
Property Address: 952 VIA VANNUCCI WAY, HENDERSON, NV 89011

See exhibit "A" attached hereto and made a part hereof.

such Deed of Trust having been given to secure payment of **Three Hundred Ninety Two Thousand Two Hundred Fifty One and 00/100ths ($392,251.00)**, which Deed of Trust is of record in Book, Volume, or Liber No. N/A, at Page N/A (or as No. 20090529-0003285), in the office of the Recorder of CLARK County, State of Nevada.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on
10/7/2021 .

Assignor:
**JPMorgan Chase Bank, National Association**

By: _____
David Lawson

Its: **Vice President-Doc Execution**

Nevada Gap Assignment of Deed of Trust
JPMorgan Chase Bank N.A. Project W2657          Page 2 of 3                         G73108NV 09/13

**ACKNOWLEDGMENT**

State of Louisiana                                                        §
                                                                          §
Parish of Ouachita                                                        §

On this 7ᵗʰ day of October 2021, before me appeared     David Lawson     ,
to me personally known, who, being by me duly sworn (or affirmed) did say that he/she is the
__Vice President–Doc Execution__, of JPMorgan Chase Bank, National Association, and that the seal
affixed to said instrument is the corporate seal of said entity and that the instrument was signed and sealed on
behalf of the said entity by authority of its board of directors and that                  David Lawson
acknowledged the instrument to be the free act and deed of the said entity.

Yolanda A. Diaz
State of Louisiana
Lifetime Commission
Notary Public ID # 87401

_____
Signature of Person Taking Acknowledgment

_____Yolanda A. Diaz_____
Printed Name

_____Notary Public_____
Title or Rank

Serial Number, if any:   N / A

(Seal)                    My Commission Expires:    LIFETIME

Nevada Gap Assignment of Deed of Trust
JPMorgan Chase Bank N.A. Project W2657          Page 3 of 3                    G73108NV 09/13

*1-922072*                                                    *450042578 0A*

**Exhibit "A"**

PARCEL I:

LOT FIFTY-SEVEN (57) IN BLOCK THREE (3) OF TUSCANY PARCEL 16
(FORMERLY KNOWN AS PALM CITY-PHASE 1 LOT 16), AS SHOWN BY MAP
THEREOF ON FILE IN BOOK 128, OF PLATS, PAGE 100, IN THE OFFICE OF
THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

PARCEL II:

A NON-EXCLUSIVE EASEMENT AND OTHER RIGHTS AS SET FORTH AND
ESTABLISHED BY THAT CERTAIN "DECLARATION OF EASEMENTS,
COVENANTS AND RESTRICTIONS" RECORDED FEBRUARY 23, 2004 IN
BOOK 20040223 AS DOCUMENT NO. 01927 AND RE-RECORDED JULY 14, 2004
IN BOOK 20040714 AS DOCUMENT NO. 01407, OFFICIAL RECORDS, CLARK
COUNTY, NEVADA.

PARCEL III:

A NON-EXCLUSIVE RIGHT AND EASEMENT OF USE AND ACCESS IN AND
TO THE COMMON ELEMENTS AND PRIVATE STREETS SUBJECT TO AND AS
SET FORTH IN THE "MASTER DECLARATION OF COVENANTS, CONDITIONS
AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR TUSCANY
RESIDENTIAL COMMUNITY" RECORDED JULY 28, 2005 IN BOOK 20050728
AS DOCUMENT NO. 04296, OFFICIAL RECORDS, CLARK COUNTY, NEVADA.

EXHIBIT 10

**Inst #: 20211220-0003446**
**Fees: $42.00**
**RPTT: $2448.00   Ex #:**
**12/20/2021 03:03:36 PM**
**Receipt #: 4824513**
**Requestor:**
**Wedgewood LLC**
**Recorded By: RNS   Pgs: 4**
**Debbie Conway**
**CLARK COUNTY RECORDER**
**Src: ERECORD**
**Ofc: ERECORD**

A.P.N.: 160-32-713-057
RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:
CATAMOUNT PROPERTIES 2018, LLC
2320 POTOSI ST.
SUITE 130
LAS VEGAS, NV 89146

**Forward Tax Statements to:**
CATAMOUNT PROPERTIES 2018, LLC
2320 POTOSI ST.
SUITE 130
LAS VEGAS, NV 89146

---

SPACE ABOVE LINE FOR RECORDER'S USE

T.S. # **20-24910**    Order #: **DEF-182875**
**The undersigned hereby affirms that there is no Social Security number contained in this document.**

## TRUSTEE'S DEED UPON SALE

Transfer Tax: **$0.00**
The Grantee Herein **was not** the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was **$393,480.55**
The Amount Paid by the Grantee was **$480,000.00**
Said Property is in the City of **HENDERSON**, County of **Clark**

**Carrington Foreclosure Services, LLC,** as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

## CATAMOUNT PROPERTIES 2018, LLC

(herein called Grantee) but without covenant or warranty, expressed or implied, all rights, title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Clark**, State of Nevada, described as follows:

THE LAND HEREINAFTER REFERRED TO IS SITUATED IN THE CITY OF HENDERSON, COUNTY OF CLARK, STATE OF NEVADA, AND IS DESCRIBED AS FOLLOWS:

PARCEL I:

LOT FIFTY-SEVEN (57) IN BLOCK THREE (3) OF TUSCANY PARCEL 16 (FORMERLY KNOWN AS PALM CITY-PHASE I LOT 16), AS SHOWN BY MAP THEREOF ON FILE IN BOOK 128, OF PLATS, PAGE 100, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

PARCEL II:

A NON-EXCLUSIVE EASEMENT AND OTHER RIGHTS AS SET FORTH AND ESTABLISHED BY THAT CERTAIN "DECLARATION OF EASEMENTS, COVENANTS AND RESTRICTIONS" RECORDED FEBRUARY 23, 2004 IN BOOK 20040223

AS DOCUMENT NO. 01927 AND RE-RECORDED JULY 14, 2004 IN BOOK 20040714 AS DOCUMENT NO. 01407, OFFICIAL RECORDS, CLARK COUNTY, NEVADA.

PARCEL III:

A NON-EXCLUSIVE RIGHT AND EASEMENT OF USE AND ACCESS IN AND TO THE COMMON ELEMENTS AND PRIVATE STREETS SUBJECT TO AND AS SET FORTH IN THE "MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR TUSCANY RESIDENTIAL COMMUNITY" RECORDED JULY 28, 2005 IN BOOK 20050728 AS DOCUMENT NO. 04296, OFFICIAL RECORDS, CLARK COUNTY, NEVADA.

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed **by SCOTT J POLETTO, A SINGLE MAN** as Trustor, dated **5/23/2009** of the Official Records in the office of the Recorder of **Clark**, Nevada under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Breach and Election to Sell under the Deed of Trust recorded on **5/29/2009**, instrument number **20090529-0003285** Book , Page **and under loan modificaiton recorded 8/11/2017 as instrument#20170811-0000603** of official records. Trustee having complied with all applicable statutory requirements of the State of Nevada and performed all duties required by the Deed of Trust including sending a Notice of Breach and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified return receipt mail, postage pre-paid to each person entitled to notice in compliance with Nevada Civil Code 107.050

All requirements per Nevada Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with.  Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **12/7/2021**.  Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being $ **480,000.00**, in lawful money of the United States, in pro per, receipt there of is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, Carrington Foreclosure Services, LLC, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws

Date: 12/9/2021                          Carrington Foreclosure Services, LLC



Tai Alailima, Director

T.S. No.: 20 - 24910

> A notary public or other officer completing this
> certificate verifies only the identity of the
> individual who signed the document to which this
> certificate is attached, and not the truthfulness,
> accuracy, or validity of that document

**State of California }ss**
**County of Orange}**

On 12 , 09 , 2021 before me, **Brian Jonathon Carrillo,** Notary Public, personally appeared **Tai Alailima, Director** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)
        **Brian Jonathon Carrillo**

BRIAN JONATHON CARRILLO
Notary Public - California
Orange County
Commission # 2319948
My Comm. Expires Jan 28, 2024

STATE OF NEVADA
DECLARATION OF VALUE FORM
1. Assessor Parcel Number(s)
   a) <u>160-32-713-057</u>
   b)_____
   c)_____
   d)_____
2. Type of Property:

| | | | | | |
|---|---|---|---|---|---|
| a) ☐ Vacant Land | b) ☒ Single Fam. Res. | FOR RECORDER'S OPTIONAL USE ONLY |
| c) ☐ Condo/Twnhse | d) ☐ 2-4 Plex | Book:_____ Page_____ |
| e) ☐ Apt. Bldg | f) ☐ Comm'l/Ind'l | Date of Recording:_____ |
| g) ☐ Agricultural h) ☐ Mobile Home | Notes: | |
| ☐ Other | | |

3.  a. Total Value/Sales Price of Property     $ <u>$480,000.00</u>
    b. Deed in Lieu of Foreclosure Only (value of property)  ( _____ )
    c. Transfer Tax Value:           $   $480,000.00
    d. Real Property Transfer Tax Due     $ 2,448.00
**4.  If Exemption Claimed:**
    a.  Transfer Tax Exemption per NRS 375.090, Section _____
    b.  Explain Reason for Exemption:_____
                                       _____

5.  Partial Interest: Percentage being transferred: _____%
        The undersigned declares and acknowledges, under penalty of perjury, pursuant to
NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief,
and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore,
the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may
result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and
Seller shall be jointly and severally liable for any additional amount owed.

Signature_____    Capacity <u>GRANTOR</u>

Signature_____    Capacity <u>GRANTEE</u>

| **SELLER (GRANTOR) INFORMATION** | **BUYER (GRANTEE) INFORMATION** |
|---|---|
| **(REQUIRED)** | **(REQUIRED)** |
| Print Name: Carrington Foreclosure | Print Name: CATAMOUNT |
| Services LLC | PROPERTIES 2018, LLC |
| | Address: 2320 POTOSI ST. |
| Address: P.O. Box 3399 | SUITE 130 |
| City: Anaheim | LAS VEGAS, NV 89146 |
| State: CA  Zip: 92803 | |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
Print Name: <u>Catamount Properties 2018, LLC</u>  Escrow #:_____
Address: <u>2320 Potosi St. Suite 130</u>
City: <u>Las Vegas,</u>_____  State: <u>NV</u>  Zip: <u>89146</u>

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

Electronically Filed
3/14/2022 4:10 PM
Steven D. Grierson
CLERK OF THE COURT

1 | **IAFD**
WRIGHT, FINLAY & ZAK, LLP
2 | Darren T. Brenner Esq.
Nevada Bar No. 8386
3 | Rock K. Jung, Esq.
Nevada Bar No. 10906
4 | 7785 W. Sahara Ave., Suite 200
5 | Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
6 | rjung@wrightlegal.net
7 | *Attorneys for Plaintiff Carrington Foreclosure Services, LLC*

CASE NO: A-22-849669-C
Department 11

8 | **DISTRICT COURT**
**CLARK COUNTY, NEVADA**

9 |

10 | CARRINGTON FORECLOSURE SERVICES,
11 | LLC,

Case No.:
Dept. No.:

12 |             Plaintiff,

13 |         vs.

**INITIAL APPEARANCE FEE
DISCLOSURE**

14 |
15 | SCOTT J. POLETTO, an individual;
SECRETARY OF THE U.S. DEPARTMENT
16 | OF HOUSING AND URBAN
DEVELOPMENT; GREAT BASIN FEDERAL
17 | CREDIT UNION; TUSCANY MASTER
ASSOCIATION; REPUBLIC SILVER STATE
18 | DISPOSAL, INC. DBA REPUBLIC
SERVICES; DOES 1 through 10, inclusive; and
19 | ROES 1 through 10, inclusive,
20 |             Defendants.

21 |

22 |

23 |         Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for

24 | parties appearing in the above entitled action as indicated below:

25 | /././

26 | /././

27 | /././

28 | /././

Page 1 of 2

| **Plaintiff:** | |
| --- | --- |
| CARRINGTON FORECLOSURE SERVICES, LLC | $270.00 |
| **TOTAL REMITTED** | **$270.00** |

Dated this 14th day of March, 2022.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Rock K. Jung*
Darren T. Brenner Esq.
Nevada Bar No. 8386
Rock K. Jung, Esq.
Nevada Bar No. 10906
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
*Attorneys for Plaintiff Carrington Foreclosure Services, LLC*

Electronically Filed
3/17/2022 9:08 AM
Steven D. Grierson
CLERK OF THE COURT

1  **DISI**
DONALD H. WILLIAMS, ESQ.
2  Nevada Bar No. 5548
DREW J. STARBUCK, ESQ.
3  Nevada Bar No. 13964
WILLIAMS ❖ STARBUCK
4  612 So. Tenth Street
Las Vegas, Nevada 89101
5  P: (702) 320-7755
F: (702) 320-7760
6  *Attorneys for Republic Silver State*
*Disposal, Inc., d/b/a Republic Services*
7

8

9                    **DISTRICT COURT**
                **CLARK COUNTY, NEVADA**

10  | CARRINGTON FORECLOSURE | Case No.: A-22-849669-C |
| SERVICES, LLC, | |
11  | | Dept. No.: 11 |
| Plaintiff, | |
12  | | **DISCLAIMER OF INTEREST OF** |
| SCOTT J. POLETTO, et al. | **DEFENDANT, REPUBLIC SILVER** |
13  | | **STATE DISPOSAL, INC., D/B/A** |
| Defendants. | **REPUBLIC SERVICES** |
14

15

16          Defendant, REPUBLIC SILVER STATE DISPOSAL, INC., d/b/a REPUBLIC

17  SERVICES (hereinafter "Republic"), by and through its attorney, Drew J. Starbuck, Esq. of

18  The Law Offices of WILLIAMS ❖ STARBUCK, hereby disclaims any further interest

19  whatsoever in the above-titled proceeding and declares that it has no interest in or claim to any

20  compensation that might be paid on account of the taking of the above-described action.

21  Republic further declares that any other parties therein may take whatever actions they deem

22  desirable with respect to this action and hereby waives any and all notices and process required

23  by law.

24          Notwithstanding the preceding disclaimer, Republic does not disclaim or waive its

25  interest in, or claims concerning, existing or future trash collection fees or liens associated with

26  the property and reserves all of its statutory lien rights. Regarding the former, pursuant to NRS

27  444.520 *et al*., Republic maintains a superior interest in the property through its existing and

28

WILLIAMS ❖ STARBUCK
*Attorneys at Law*
612 So. Tenth Street
Las Vegas, NV 89101
Telephone: (702) 320-7755    Facsimile: (702) 320-7760

future trash collection fees. The foreclosure of the property by Plaintiff does not extinguish Republic's interest, but terminates only those junior liens and encumbrances.

DATED: March 17, 2022.

WILLIAMS ❖ STARBUCK

*/s/ Drew J. Starbuck*
DONALD H. WILLIAMS, ESQ.
Nevada Bar No. 5548
DREW J. STARBUCK, ESQ.
Nevada Bar No. 13964
612 So. Tenth Street
Las Vegas, Nevada 89101
*Attorneys for Republic Silver State*
*Disposal, Inc., d/b/a Republic Services*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of Williams ❖ Starbuck, and pursuant to NRCP 5(b), EDCR 8.05, Administrative Order 14-2, and NEFCR 9, I caused a true and correct copy of the foregoing **DISCLAIMER OF INTEREST OF DEFENDANT, REPUBLIC SILVER STATE DISPOSAL, INC., D/B/A REPUBLIC SERVICES** to be submitted via electronic mail and electronically for filing and service with the Eighth Judicial District Court via the Court's Electronic Filing System on March 17, 2022.

*/s/ Robin D. Gullo/s/*
Employee of WILLIAMS ❖ STARBUCK

Electronically Filed
3/21/2022 10:09 AM
Steven D. Grierson
CLERK OF THE COURT

1    ANSI
     Peter Dubowsky, Esq.
2    Nevada Bar No. 4972
     DUBOWSKY LAW OFFICE, CHTD.
3    300 South Fourth Street
     Suite 1020
4    Las Vegas, Nevada 89101
     (702) 360-3500
5    Fax (702) 360-3515
     peter@dubowskylaw.com
6    Attorney for Interpleader Defendant
7        GREAT BASIN FEDERAL CREDIT UNION

8

                  **DISTRICT COURT**
9
            **CLARK COUNTY, NEVADA**
10

11    CARRINGTON        FORECLOSURE)    Case No.: A-22-849669-C
     SERVICES, LLC                 )
12                               )    Dept No.: 11
            Plaintiff,            )
13                               )
         vs.                         )
14                               )
15    SCOTT   J.   POLETTO,   an   individual; )
     SECRETARY       OF       THE       U.S. )
16    DEPARTMENT   OF   HOUSING   AND )
     URBAN DEVELOPMENT; GREAT BASIN )
17    FEDERAL   CREDIT   UNION;   TUSCANY )
     MASTER    ASSOCIATION;    REPUBLIC )
18    SILVER   STATE   DISPOSAL,   INC.   DBA )
     REPUBLIC SERVICES; DOES 1 through )
19    10, inclusive; and ROES 1 through 10, )
                              )
20             Defendants          )
21    ─────────────────── )

22      **GREAT BASIN FEDERAL CREDIT UNION'S ANSWER TO COMPLAINT IN**
                              **INTERPLREADER**
23

24         Interpleader Defendant, Great Basin Federal Credit Union ("GREAT BASIN"), by

25    and through its counsel of record, Peter Dubowsky, Esq. of the DUBOWSKY LAW OFFICE,

     CHTD. appears and alleges as follows:

                                    - 1

*DUBOWSKY LAW OFFICE, CHTD.*

**PARTIES AND JURISDICTION**

1.      GREAT BASIN admits the allegations contained in Paragraph 1.

2.      GREAT BASIN lacks information and belief as to the allegations in Paragraph 2 and therefore denies 2.

3.      GREAT BASIN admits the allegations contained in Paragraph 3.

4.      GREAT BASIN lacks information and belief as to the allegations in Paragraph 4 and therefore denies the same.

5.      GREAT BASIN admits the allegations contained in Paragraph 5.

6.      GREAT BASIN lacks information and belief as to the allegations in Paragraph 6 and therefore denies the same.

7.      GREAT BASIN lacks information and belief as to the allegations in Paragraph 7 and therefore denies the same.

8.      GREAT BASIN lacks information and belief as to the allegations in Paragraph 8 and therefore denies the same.

9.      GREAT BASIN admits the allegations contained in Paragraph 9.

**THE UNDERLYING FORECLOSURE SALE**

10.     GREAT BASIN repeats and realleges and incorporates each and every preceding allegation as if fully stated herein.

11.     GREAT BASIN lacks information and belief as to the allegations in Paragraph 11 and therefore denies the same.

12.     GREAT BASIN lacks information and belief as to the allegations in Paragraph 12 and therefore denies the same.

DUBOWSKY LAW OFFICE, CHTD.

13.    GREAT BASIN lacks information and belief as to the allegations in Paragraph 13 and therefore denies the same.

14.    GREAT BASIN lacks information and belief as to the allegations in Paragraph 14 and therefore denies the same.

15.    GREAT BASIN lacks information and belief as to the allegations in Paragraph 15 and therefore denies the same.

16.    GREAT BASIN lacks information and belief as to the allegations in Paragraph 16 and therefore denies the same.

17.    GREAT BASIN lacks information and belief as to the allegations in Paragraph 17 and therefore denies the same.

18.    GREAT BASIN lacks information and belief as to the allegations in Paragraph 18 and therefore denies the same.

19.    GREAT BASIN lacks information and belief as to the allegations in Paragraph 19 and therefore denies the same.

20.    GREAT BASIN lacks information and belief as to the allegations in Paragraph 20 and therefore denies the same.

21.    GREAT BASIN admits the allegations contained in Paragraph 21.

22.    GREAT BASIN lacks information and belief as to the allegations in Paragraph 22 and therefore denies the same.

### FIRST CAUSE OF ACTION

**(Interpleader (NRS 40.462 and NRCP 22) – Against All Defendants)**

23.    GREAT BASIN repeats and realleges and incorporates each and every preceding allegation as if fully stated herein.

DUBOWSKY LAW OFFICE, CHTD.

24.     GREAT BASIN admits to its own legally enforceable interests, but denies the remaining allegations of Paragraph 24.

25.     GREAT BASIN admits the allegations contained in Paragraph 25.

26.     GREAT BASIN admits the allegations contained in Paragraph 26.

27.     GREAT BASIN admits the allegations contained in Paragraph 27.

## AFFIRMATIVE DEFENSE

### First Affirmative Defense

GREAT BASIN is entitled to priority to the Excess Proceeds and is entitled to satisfaction in full of its lead from those proceeds

WHEREFORE, GREAT BASIN prays for relief as follows:

1.     That GREAT BASIN recover and be paid in full from the Excess Proceeds that have been interplead into this Court and are the subject matter of this Interpleader Action.

2.     Costs of court and reasonable attorney's fees; and

3.     Such other relief as this court may deem just and proper.

Dated:_____ March 21, 2022

                                        DUBOWSKY LAW OFFICE, CHTD.
                                        By:_____
                                              Peter Dubowsky, Esq.
                                              Nevada Bar No. 4972
                                              300 South Fourth Street, Suite 1020
                                              Las Vegas, Nevada 89101
                                              (702) 360-3500
                                              Fax (702) 360-3515
                                              Attorney for Interpleader Defendant
                                              GREAT BASIN FEDERAL CREDIT UNION

- 4

DUBOWSKY LAW OFFICE, CHTD.

## CERTIFICATE OF SERVICE

Pursuant to N.R.C.P 5(b), I hereby certify that on the 21st day of March 2022, I served a true and correct copy of the foregoing GREAT BASIN FEDERAL CREDIT UNION'S ANSWER TO COMPLAINT IN INTERPLREADER upon those persons designated by the parties in the E-Service Master List for the above-referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing Conversion Rules:

Rock K. Jung, Esq.
Attorney for Plaintiff


   /s/William Thompson          
An employee of Dubowsky Law Office, Chtd.

– 5

Electronically Filed
3/21/2022 10:09 AM
Steven D. Grierson
CLERK OF THE COURT

IAFD
Peter Dubowsky, Esq.
Nevada Bar No. 4972
DUBOWSKY LAW OFFICE, CHTD.
300 South Fourth Street
Suite 1020
Las Vegas, Nevada 89101
(702) 360-3500
Fax (702) 360-3515
peter@dubowskylaw.com
Attorney for Interpleader Defendant
                GREAT BASIN FEDERAL CREDIT UNION

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| CARRINGTON FORECLOSURE SERVICES, LLC | Case No.: A-22-849669-C |
| Plaintiff, | Dept No.: 11 |
| vs. | |
| SCOTT J. POLETTO, an individual; SECRETARY OF THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; GREAT BASIN FEDERAL CREDIT UNION; TUSCANY MASTER ASSOCIATION; REPUBLIC SILVER STATE DISPOSAL, INC. DBA REPUBLIC SERVICES; DOES 1 through 10, inclusive; and ROES 1 through 10, | |
| Defendants | |

## INITIAL APPEARANCE FEE DISCLOSURE

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted

for parties appearing in the above entitled action as indicated below:

DUBOWSKY LAW OFFICE, CHTD.

– 1

**Interpleader Defendant First Appearance Fee:**

**GREAT BASIN FEDERAL CREDIT UNION…………………………….  $223.00**

Dated:   March 21, 2022

                                        DUBOWSKY LAW OFFICE, CHTD.

                                        By:  /s/Peter Dubowsky
                                              Peter Dubowsky, Esq.
                                              Nevada Bar No. 4972
                                              DUBOWSKY LAW OFFICE, CHTD.
                                              300 South Fourth Street, Suite 1020
                                              Las Vegas, Nevada 89101
                                              (702) 360-3500
                                              Fax (702) 360-3515
                                              Attorney for Interpleader Defendant
                                              GREAT BASIN FEDERAL CREDIT
                                              UNION

## CERTIFICATE OF SERVICE

        Pursuant to N.R.C.P 5(b), I hereby certify that on the 21st day of March 2022, I served

a true and correct copy of the foregoing INITIAL APPEARANCE FEE DISCLOSURE upon

those persons designated by the parties in the E-Service Master List for the above-referenced

matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory

electronic service requirements of Administrative Order 14-2 and the Nevada Electronic

Filing Conversion Rules:

Rock K. Jung, Esq.
Attorney for Plaintiff

                                         /s/William Thompson
                                        An employee of Dubowsky Law Office, Chtd.

DUBOWSKY LAW OFFICE, CHTD.

Electronically Filed
3/23/2022 1:37 PM
Steven D. Grierson
CLERK OF THE COURT

**WRIGHT FINLAY & ZAK - LITIGATION**
Rock K. Jung, Esq.,  Bar No.10906
7785 W. Sahara Avenue, Suite 200
Las Vegas, NV 89117
Phone: (702) 475-7964

Attorney for Plaintiffs,
CARRINGTON FORECLOSURE SERVICES, LLC,

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| CARRINGTON FORECLOSURE SERVICES, LLC, <br><br>                Plaintiff(s), <br><br> vs. <br><br> SCOTT J. POLETTO, an individual; SECRETARY OF THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; GREAT BASIN FEDERAL CREDIT UNION; TUSCANY MASTER ASSOCIATION; REPUBLIC SILVER STATE DISPOSAL, INC. DBA REPUBLIC SERVICES; DOES 1 through 10, inclusive; and ROES 1 through 10, inclusive, <br><br>                Defendant(s). | CASE NO: A-22-849669-C <br><br> DEPT NO.: 11 <br><br><br> <u>**AFFIDAVIT OF SERVICE**</u> |

I, Judith Mae All, # R-040570, being duly sworn, or under penalty of perjury, states that at all times herein Affiant was and is over 18 years of age, and not a party to or interested in the proceedings in which this Affidavit is made. That Affiant received a copy of the following document(s):

<u>Summons; Complaint In Interpleader; District Court Civil Cover Sheet</u>

On 3/15/2022 and served the same on 3/17/2022 at 10:59 AM by:

REF: 606-2022674

1



2

Serving the above listed documents to Defendant: <u>Great Basin Federal Credit Union c/o Dubowksy Law Office,</u>

3

<u>Chtd.</u> at 10:59 AM at 300 S. 4th Street, #1020, Las Vegas, NV 89101, by personally delivering and leaving a copy of the above-listed document(s) with Kevin Heaton - Process Assistant, a person of suitable age and discretion, Authorized Agent, to accept service of process.

4

That the description of the person actually served is as follows:

5

Gender: Male, Race: Caucasian, Age: 40's, Height: Seated, Weight: 250 lbs., Hair: Brown, Eyes:Brown, Marks: Glasses

6

7

8

9

10

11

12

13

Judith Mae All

14

Registered Work Card# R-040570

State of Nevada

15

16

17

18

19

20

State of: NEVADA

County of: CLARK

Subscribed and sworn before me, a Notary Public, this 18TH day of MARCH 2022

BY: Judith Mae All

Jeffrey Price

Notary Public

My Commission expires on: 5/6/2025

Service Provided for:

Nationwide Legal Nevada, LLC

626 S. 7th Street

Las Vegas, NV 89101

(702) 385-5444

21

22

Nevada Lic # 1656

23

Control # NV255310

24

25

26

27



28

JEFF PRICE
Notary Public, State of Nevada
Appointment No. 13-10453-1
My Appt. Expires May 6, 2025

Electronically Filed
3/23/2022 1:37 PM
Steven D. Grierson
CLERK OF THE COURT

1

**WRIGHT FINLAY & ZAK - LITIGATION**
Rock K. Jung, Esq.,  Bar No.10906

2 7785 W. Sahara Avenue, Suite 200
Las Vegas, NV 89117

3 Phone: (702) 475-7964

4 Attorney for Plaintiffs,
CARRINGTON FORECLOSURE SERVICES, LLC,

5

6                          **DISTRICT COURT**

7                    **CLARK COUNTY, NEVADA**

8

9

10 CARRINGTON FORECLOSURE SERVICES,
LLC,

11                   Plaintiff(s),                      CASE NO: A-22-849669-C

12 vs.                                                  DEPT NO.: 11

13 SCOTT J. POLETTO, an individual;
SECRETARY OF THE U.S. DEPARTMENT

14 OF HOUSING AND URBAN                         **AFFIDAVIT OF SERVICE**
DEVELOPMENT; GREAT BASIN

15 FEDERAL CREDIT UNION; TUSCANY
MASTER ASSOCIATION; REPUBLIC

16 SILVER STATE DISPOSAL, INC. DBA
REPUBLIC SERVICES; DOES 1 through 10,

17 inclusive; and ROES 1 through 10, inclusive,

18                   Defendant(s).

19 I, Judith Mae All, # R-040570, being duly sworn, or under penalty of perjury, states that at all times herein
Affiant was and is over 18 years of age, and not a party to or interested in the proceedings in which this

20 Affidavit is made. That Affiant received a copy of the following document(s):

21 Summons; Complaint In Interpleader; District Court Civil Cover Sheet

22 On 3/15/2022 and served the same on 3/16/2022 at 3:41 PM by:

23

24

25

26

27

28

                                                        REF: 606-2022674

☑ Serving the above listed documents to Defendant: <u>Tuscany Master Association - Registered Agent,</u>
<u>By Serving: Kristina Walker - Administrative Assistant,</u> a person of suitable age and discretion
authorized by Registered Agent to accept service of process at the address below shown on the
current certificate of designation filed with the Secretary of State located at <u>8290 Arville Street, Las</u>
<u>Vegas, NV 89139</u>.

That the description of the person actually served is as follows:
Gender: Female, Race: Caucasian, Age: 30's, Height: 5'5", Weight: 140 lbs., Hair: Brown, Eyes:Brown

Judith Mae All
Registered Work Card# R-040570
State of Nevada

State of: __NEVADA__
County of: __CLARK__

Subscribed and sworn before me, a
Notary Public, this __18TH__ day of
__MARCH__  2022

BY: Judith Mae All

Jeffrey Price
Notary Public
My Commission expires on: 5/6/2025
Service Provided for:
Nationwide Legal Nevada, LLC
626 S. 7th Street
Las Vegas, NV 89101
(702) 385-5444
Nevada Lic # 1656

Control # NV255313

JEFF PRICE
Notary Public, State of Nevada
Appointment No. 13-10453-1
My Appt. Expires May 6, 2025

REF: 606-2022674

Electronically Filed
3/29/2022 10:15 AM
Steven D. Grierson
CLERK OF THE COURT

1  **WRIGHT FINLAY & ZAK - LITIGATION**
   Rock K. Jung, Esq.,  Bar No.10906
2  7785 W. Sahara Avenue, Suite 200
   Las Vegas, NV 89117
3  Phone: (702) 475-7964

4  Attorney for Plaintiffs,
   CARRINGTON FORECLOSURE SERVICES, LLC,

5

6                              **DISTRICT COURT**

7                         **CALRK COUNTY, NEVADA**

8

9

10  CARRINGTON FORECLOSURE SERVICES,
    LLC,
11                    Plaintiff(s),                    CASE NO: A-22-849669-C

12  vs.                                                DEPT NO.: 11

13  SCOTT J. POLETTO, an individual;
    SECRETARY OF THE U.S. DEPARTMENT
14  OF HOUSING AND URBAN
    DEVELOPMENT; GREAT BASIN                           **AFFIDAVIT OF SERVICE**
15  FEDERAL CREDIT UNION; TUSCANY
    MASTER ASSOCIATION; REPUBLIC
16  SILVER STATE DISPOSAL, INC. DBA
    REPUBLIC SERVICES; DOES 1 through 10,
17  inclusive; and ROES 1 through 10, inclusive,

18                    Defendant(s).

19  I, Judith Mae All, # R-040570, being duly sworn, or under penalty of perjury, states that at all times herein
    Affiant was and is over 18 years of age, and not a party to or interested in the proceedings in which this
20  Affidavit is made. That Affiant received a copy of the following document(s):

21  Summons; Complaint In Interpleader; District Court Civil Cover Sheet;

22  On 3/21/2022 and served the same on 3/22/2022 at 3:23 PM by:

23

24

25

26

27

28

                                                              REF: 606-2022674

☑ By personally delivering and leaving a copy of the above listed documents with Defendant: <u>Scott J.</u>
<u>Poletto, an individual</u>  located at <u>1093 Crescent Falls St, Henderson, NV 89011.</u>

That the description of the person actually served is as follows:
Gender: Male, Race: Caucasian, Age: 40's, Height: 5'10", Weight: 220 lbs., Hair: Bald, Eyes:Brown, Marks:
Mustache, Goatee

_Judith Mae All_
Judith Mae All
Registered Work Card# R-040570
State of Nevada

State of: _NEVADA_
County of: _CLARK_

Subscribed and sworn before me, a
Notary Public, this _23rd_ day of
_MARCH_ 2022

BY: Judith Mae All

Jeffrey Price
Notary Public
My Commission expires on: 5/6/2025
Service Provided for:
Nationwide Legal Nevada, LLC
626 S. 7th Street
Las Vegas, NV 89101
(702) 385-5444
Nevada Lic # 1656

Control # NV255541

JEFF PRICE
Notary Public, State of Nevada
Appointment No. 13-10453-1
My Appt. Expires May 6, 2025

REF: 606-2022674

Electronically Filed
3/29/2022 10:15 AM
Steven D. Grierson
CLERK OF THE COURT

1    **WRIGHT FINLAY & ZAK - LITIGATION**
     Rock K. Jung, Esq.,  Bar No.10906
2    7785 W. Sahara Avenue, Suite 200
     Las Vegas, NV 89117
3    Phone: (702) 475-7964

4    Attorney for Plaintiffs,
     CARRINGTON FORECLOSURE SERVICES, LLC,

5

6                          **DISTRICT COURT**

7                        **CLARK COUNTY, NEVADA**

8

9

10   CARRINGTON FORECLOSURE SERVICES,
     LLC,
                                                CASE NO: A-22-849669-C
11                    Plaintiff(s),
                                                DEPT NO.: 11
12   vs.

13   COTT J. POLETTO, an individual;
     SECRETARY OF THE U.S. DEPARTMENT        **AFFIDAVIT OF SERVICE**
14   OF HOUSING AND URBAN
     DEVELOPMENT; GREAT BASIN
15   FEDERAL CREDIT UNION; TUSCANY
     MASTER ASSOCIATION; REPUBLIC
16   SILVER STATE DISPOSAL, INC. DBA
     REPUBLIC SERVICES; DOES 1 through 10,
17   inclusive; and ROES 1 through 10, inclusive,

18                    Defendant(s).

19   I, Mark Hagood, being duly sworn, or under penalty of perjury, states that at all times herein Affiant was
20   and is over 18 years of age, and not a party to or interested in the proceedings in which this Affidavit is
     made. That Affiant received a copy of the following document(s):

21   Summons; Complaint In Interpleader; District Court Civil Cover Sheet.

22   On 3/15/2022 and served the same on 3/21/2022 at 9:00 AM by:

23

24

25

26

27

28

                                                              REF: 606-2022674

1

☑

2 Serving the above listed documents to Defendant: <u>Secretary of the U.S. Department of Housing and Urban</u>
<u>Development</u> at 9:00 AM at 451 7th Street SW, Washington, DC 20410-0001, by personally delivering and
3 leaving a copy of the above-listed document(s) with , a person of suitable age and discretion, Authorized
Agent, to accept service of process.
4

That the description of the person actually served is as follows:
5 Gender: Female, Race: African American, Age: 55 yrs., Height: 5'8", Weight: 200 lbs., Hair: Black, Eyes:Brown

6

7

8

9

10

11

12

13

Mark Hagood
14 State of District of Columbia

State of: <u>Virginia</u>
County of: <u>Fairfax</u>

Subscribed and sworn before me, a
Notary Public, this <u>22</u> day of
<u>March</u> 2022

BY: <u>Mark Hagood</u>

<u>MBernardo</u>

Notary Public Monique Bernardo
My Commission expires on: 11/30/2023
Service Provided for:
Nationwide Legal Nevada, LLC
626 S. 7th Street
Las Vegas, NV 89101
(702) 385-5444
Nevada Lic # 1656

Control # NV255305

15
16
17
18
19
20
21
22
23
24
25
26
27
28

REF: 606-2022674

Electronically Filed
3/29/2022 11:38 AM
Steven D. Grierson
CLERK OF THE COURT

1  **WRIGHT FINLAY & ZAK - LITIGATION**
   Rock K. Jung, Esq.,  Bar No.10906
2  7785 W. Sahara Avenue, Suite 200
   Las Vegas, NV 89117
3  Phone: (702) 475-7964

4  Attorney for Plaintiffs,
   Carrington Foreclosure Services, LLC

5

6                              **DISTRICT COURT**

7                           **CLARK COUNTY, NEVADA**

8

9

10 Carrington Foreclosure Services, LLC

                   Plaintiff(s),                    CASE NO: A-22-849669-C
11 vs.
                                                    DEPT NO.: 11
12 SCOTT J. POLETTO, an individual;
   SECRETARY OF THE U.S. DEPARTMENT
13 OF HOUSING AND URBAN
   DEVELOPMENT; GREAT BASIN                         **AFFIDAVIT OF SERVICE**
14 FEDERAL CRESIT UNIION; TUSCANY
   MASTER ASSOCIATION; REPUBLIC
15 SILVER STATE DISPOSAL, INC. DBA
   REPUBLIC SERVICES; DOES 1 through 10,
16 inclusive; and ROES 1 through 10, inclusive,

17                 Defendant(s).

18

19 I, Daniel LaMotte, # R-2020-01425, being duly sworn, or under penalty of perjury, states that at all times
   herein Affiant was and is over 18 years of age, and not a party to or interested in the proceedings in which
20 this Affidavit is made. That Affiant received a copy of the following document(s):

21 Summons; Complaint In Interpleader; District Court Civil Cover Sheet

22 On 3/15/2022 and served the same on 3/16/2022 at 2:10 PM by:

23

24

25

26

27

28

                                                            REF: 606-2022674

1   ☑ Serving the above listed documents to Defendant: <u>Republic Silver State Disposal, Inc. BDA Republic</u>
2     <u>Services c/o CT Corporation System - Registered Agent. By Serving: Carlie Fecteau – Admin,</u> a
    person of suitable age and discretion authorized by Registered Agent to accept service of process at
3     the address below shown on the current certificate of designation filed with the Secretary of State
    located at <u>701 S. Carson St. 200. Carson City. NV 89701</u>.

4   That the description of the person actually served is as follows:
  Gender: Female, Race: Caucasian, Age: 26- 30, Height: Seated, Weight: 121-140 lbs., Hair: Brown, Eyes:Brown

5

6

7

8

9

10

11

12

13   Daniel LaMotte
    Registered Work Card# R-2020-01425
14   State of Nevada

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      State of: Nevada
      County of: Lyon

      Subscribed and sworn before me, a
      Notary Public, this 26 day of
      March 2022
      BY: Daniel LaMotte

      Notary Public
      My Commission expires on:
      Service Provided for:
      Nationwide Legal Nevada, LLC
      626 S. 7th Street
      Las Vegas, NV 89101
      (702) 385-5444
      Nevada Lic # 1656

      Control # NV255311

CAREY BEAUDETTE
NOTARY PUBLIC
STATE OF NEVADA
My Appt. Exp. April 1, 2022
No. 18-2357-3

REF: 606-2022674

# EXHIBIT A

**All filings from the Eighth Judicial District
Court Case No. A-22-849669-C**