JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709

BRIANNA SMITH
Assistant United States Attorney
Nevada Bar No. 11795
501 Las Vegas Blvd, South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336
Brianna.Smith@usdoj.gov

*Attorneys for the Defendant*
*Secretary of Housing and Urban Development ("HUD")*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Carrington Foreclosure Services, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Scott J. Poletto, an individual; Secretary of the U.S. Department of Housing and Urban Development; Great Basin Federal Credit Union; Tuscany Master Association; Republic Silver State Disposal, Inc. d/b/a Republic Services; DOES 1 through 10, inclusive; ROES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-00606-JCM-BNW<br><br>**HUD's Motion for Summary Judgment and to Disburse Interpleader Funds to HUD** |

## I. Introduction

This interpleader action was brought by Carrington Foreclosure Services, LLC ("Carrington") to determine the proper recipient(s) of excess proceeds from a nonjudicial foreclosure sale. Defendant Secretary of the U.S. Department of Housing and Urban Development ("HUD") is a senior lien holder, next in priority, and is therefore entitled to the excess proceeds. Accordingly, the Court should enter summary judgment in HUD's favor, disburse the excess proceeds to HUD, and, after disbursement, dismiss the case.

## II.  Background and Statement of Undisputed Material Facts

There are no genuine issues of material facts as to the following:

**A.    Factual History Related to Foreclosure and Priority Status**

<u>The Deed of Trust and Loan with Plaintiff</u>

1. Defendant Scott J. Poletto ("Poletto") executed a deed of trust to secure a loan in the amount of $392,251.00 to purchase the Property (located at 952 Via Vannucci Way, Henderson, NV 89011, APN: 160-32-713-057) (the "Property"), which was recorded on May 29, 2009, naming MetLife Home Loans, a Division of MetLife Bank, N.A. as the Lender; Nevada Title Company as the Trustee; and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, solely as a nominee for Lender and Lender's successors and assigns ("Deed of Trust") which was recorded on September 12, 2013, naming Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. Complaint (ECF No. 1-2) at ¶ 11, citing Exhibit 1.

2. On or about October 27, 2011, the Deed of Trust was assigned to MetLife Home Loans, A Division of MetLife Bank, N.A. *Id.*, at ¶ 12, citing Exhibit 2.

3. On or about May 21, 2013, the Deed of Trust was assigned to JPMorgan Chase Bank, National Association. *Id.*, at ¶ 13, citing Exhibit 3.

4. On May 28, 2013, a Nevada Assignment of Deed of Trust was recorded assigning the Deed of Trust to JPMorgan Chase Bank, National Association. *Id.*, at ¶ 14, citing Exhibit 4.

5. On May 27, 2016, a Substitution of Trustee was recorded against the Property naming MCT Financial Inc. d/b/a Trustee Corps as the Trustee under the aforementioned Deed of Trust. *Id.*, at ¶ 15, citing Exhibit 5.

6. On March 28, 2019, a Substitution of Trustee was recorded against the Property naming Quality Loan Service Corporation as the Trustee under the aforementioned Deed of Trust. *Id.*, at ¶ 16, citing Exhibit 6.

7. On September 16, 2020, a Corporate Assignment of Deed of Trust was recorded assigning the Deed of Trust to Wilmington Savings fund Society, FSB, as Trustee of Stanwich 10 Mortgage Loan Trust F. *Id.*, at ¶ 17, citing Exhibit 7.

8. On April 27, 2021, a Substitution of Trustee was recorded against the Property naming Plaintiff as the Trustee under the aforementioned Deed of Trust. *Id.*, at ¶ 18, citing Exhibit 8.

9. On October 12, 2021, a Gap Assignment of Deed of Trust was recorded. *Id.*, at ¶ 19, citing Exhibit 9.

10. After Poletto became delinquent on his loan, Plaintiff conducted a nonjudicial foreclosure on the Property on December 7, 2021. *Id.*, at ¶ 20, citing Exhibit 10 (Trustee's Deed Upon Sale).

11. The outstanding debt owed to Plaintiff at the time of the foreclosure sale was $393,480.55, and the Property sold for $480,000.00, leaving $86,519.45 in excess proceeds (the "Excess Proceeds"). *Id.*, at ¶ 20.

12. Plaintiff has no interest in the Excess Proceeds, *id.* at ¶¶ 21-22, and by agreement of the parties, the Excess Proceeds minus Plaintiff's costs and fees were deposited to the Court in the amount of $80,080.89. ECF No. 14 (Cash Deposit).

**Deed of Trust and Poletto's Loan with HUD**

13. On September 11, 2014, HUD and Poletto entered a Subordinate Note (Loan) secured by a Subordinate Deed of Trust for the Property. *See* **Exhibit A**, Sworn Affidavit of Sara Campbell, Attorney-in-Fact for HUD at ¶ 2; *see also* **Exhibit A-1** (Subordinate Note) and **A-2** (Deed of Trust).

14. The loan was made on Poletto's behalf by HUD pursuant to the Federal Housing Administration's loss mitigation procedures for mortgage insurance, specifically 12 U.S.C. § 171S(u)(a)) which allows HUD to pay a lender of a "Partial Claim" to cure a default by the debtor, here Poletto, due under a prior (or primary) mortgage and provide for repayment by Poletto any amounts loaned on his behalf as a partial claim. The repayment

obligation is represented by a promissory note and is secured by a subordinate mortgage or deed of trust. **Exhibit B**, Certificate of Indebtedness.

15. The Deed of Trust was recorded on February 3, 2015, instrument number 20150203-0001535 of the Official Records of Clark County Recorder, State of Nevada. *See* **Ex. A**, ¶ 2.

16. HUD has not been paid by Defendant Poletto the amount of its loan under its Subordinate Note. Ex. B. The total debt HUD is owed by Poletto is $110,040.09. Exs. A, B.

**B.     Interpleader Procedural History**

17. On March 14, 2022, Plaintiff filed its Complaint for Interpleader as to the Excess Proceeds in the Eighth Judicial District Court, Clark County, Nevada. ECF No. 1-2, pgs. 2-57.

18. After filing its Complaint, Plaintiff effectuated service as follows:

   a. Defendant Poletto (through personal service) on March 22, 2022 (ECF No. 1-2 at pgs. 74-75);

   b. Defendant Great Basin Federal Credit Union ("Great Basin") (through service on its registered agent) on March 17, 2022 (ECF No. 1-2 at pgs. 70-71);

   c. Defendant Tuscany Master Association (through Registered Agent) on March 16, 2022 (ECF No. 1-2 at pgs. 72-73); and

   d. Defendant Republic Silver State Disposal, Inc. d/b/a Republic Services (through Registered Agent) on March 16, 2022 (ECF No. 1-2 at pgs. 78-79).

19. HUD removed this Interpleader action to this Court on April 11, 2022. ECF No. 1.

20. HUD filed its Answer on April 12, 2022. ECF No. 4.

21. Great Basin filed its Answer on March 21, 2022. ECF No. 1-2, pgs. 63-67.

22. Republic Services filed a Disclaimer of Interest in the Excess Proceeds on March 17, 2022. *See* ECF No. 1-2, pgs. 60-62.

23. Poletto has not filed an answer or otherwise appeared in this action.

24. Tuscany Master Association has not filed an answer or otherwise appeared in this action.

### III.  Summary Judgment Standard

"The purpose of summary judgment 'is to avoid a needless trial when an appropriate showing is made in advance that there is no genuine issue of fact to be tried, and the movant is entitled to judgment as a matter of law.'" *McDonald v. D.P. Alexander & Las Vegas Boulevard, LLC,* 121 Nev. 812, 815, 123 P.3d 748, 750 (2005). "Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 127 Nev. Adv. Op. 23, 255 P.3d 238, 242-243 (2011); *Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 560, 216 P.3d 788, 791 (2009).

### IV.  HUD Seeks Judicial Notice of Publicly Recorded Documents

A court may judicially notice matters of public record. *Wasiak v. Cal-W. Reconveyance Corp.,* No. 2:11-CV-01190-GMN-PAL, 2012 WL 1068733, at *2 (D. Nev. Mar. 29, 2012) (citing *Mack v. S. Bay Beer Distribs.,* 798 F.2d 1279, 1282 (9th Cir. 1986)). A court can take judicial notice of facts in recorded documents that are not subject to a reasonable dispute. *Id.* (citing *Lund v. Harbor View Mortgage Loan Trust Mortgage Loan Pass–Through Certificates, Series 2007–3*, 2011 WL 2470580, * 1 n. 1 (D. Nev. June 21, 2011)). Indeed, "Courts within this district have routinely taken judicial notice of the publicly recorded documents in foreclosure cases." *Id.*; *see also Wensley v. First Nat'l Bank of Nevada*, 874 F. Supp. 2d 957, 961 (D. Nev. 2012) (taking judicial notice of the deed of trust, substitution of trustee, election to sell, etc. because under Federal Rule of Evidence 201, a court may judicially notice matters of public record.); *Saticoy Bay LLC Series 2794 Murray Hill Ln v. Bank of Am., N.A.*, No. 2:12-cv-02028-RFB-EJY, 2020 WL 13134052, at *1, fn.1 (D. Nev. Jan. 30, 2020) (taking judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure).

The relevant documents to establish the debt and priority of claims can be located and obtained from the Clark County Recorder's Office using the parcel number 160-32-

713-057.[1] Because these documents are all publicly recorded, HUD moves this Court to take judicial notice of the documents referenced in Plaintiff's complaint (identified at statement of facts paragraphs 1-9). HUD also seeks judicial notice of the fact that it recorded a Subordinate Note and Deed of Trust (identified above in statement of facts paragraphs 13, 15) which was recorded on February 3, 2015, bearing instrument number 20150203-0001535.

### V. Interpleader Standard

An interpleader action is appropriate under Federal Rule of Civil Procedure 22. The purpose of an interpleader action is "to decide the validity and priority of existing claims to a res." *Texaco, Inc. v. Ponsoldt*, 118 F.3d 1367, 1369 (9th Cir. 1997). Each claimant must establish his right to the property by a preponderance of the evidence. *See Midland Insurance Co. v. Friedgood*, 577 F. Supp. 1407, 1412 (D.C.N.Y.1984).

"'An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for [a] rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund.'" *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (quoting *Mack v. Kuckenmeister,* 619 F.3d 1010, 1023 (9th Cir. 2010)). In the second stage, "'[i]f the district court finds that the interpleader action has been properly brought[,] the district court will then make a determination of the respective rights of the claimants.'" *Id.* (quoting *Mack*, 619 F.3d at 1023–24).

"Federal Rule of Civil Procedure 67 ... provides the mechanism for depositing the disputed property with the Court" in an interpleader case. Rule 67 states in relevant part:

> "If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party — on notice to every other party and by leave of court — may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit."

---

[1] https://recorderecomm.clarkcountynv.gov/AcclaimWeb/ (last accessed May 18, 2022).

Fed. R. Civ. P. Rule 67(a).

A court may discharge an interpleader plaintiff after it deposits the disputed property with the court and where it has no interest in the disputed property or how claimants might want to divide the disputed property. 28 U.S.C. § 2361; *see Am. Gen. Life Ins. Co. v. Hart*, No. 16-CV-03904-LB, 2017 WL 1370721, at *2 (N.D. Cal. Apr. 7, 2017) ("'Pursuant to 28 U.S.C. § 2361, the Court is empowered to discharge a plaintiff from further liability in any civil interpleader action.'") (citing cases); *Sun Life Assur. Co. of Can. v. Estate of Chan,* No. C-03-2205 SC, 2003 WL 22227881, at *2 (N.D. Cal. Sept. 22, 2003) ("'If an interpleading plaintiff has no interest in the stake he should be dismissed.'") (quoting *Metro. Life Ins. Co. v. Foley*, No. CIV.A. 02-1479, 2002 WL 31399787, at *4 (E.D. La. Oct. 23, 2002)).

"The second stage [of an interpleader action] involves the determination of the respective rights of the claimants[.]" *Lincoln Nat'l Life Ins. Co. v. Graham*, No. 2:12-cv-2177-SVW-RZ, 2013 WL 12132047, at *3 (C.D. Cal. Jan. 3, 2013). "Absent special circumstances, the second phase "proceeds like any other action. Accordingly, when there is no genuine issue of material fact that justifies continuing to trial, the second stage may be adjudicated on a summary judgment motion…[o]therwise, the dispute will be tried[.]' " *Id.* (internal brackets and ellipsis omitted) (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kane, Federal Practice & Procedure § 1714 (3d ed. 2001)).

**VI. HUD is Entitled to Summary Judgment and the Court Should Disburse the Excess Proceeds to HUD and Dismiss the Case**

**A.     The Complaint Names Adverse Claimants to the Excess Proceeds.**

The first issue for determination is whether there is a single fund at issue and whether there are adverse claimants to that fund. *Lee,* 688 F.3d at 1009. Here, there are Excess Proceeds resulting from a nonjudicial foreclosure sale and there are potential adverse claimants including the other named Defendants.

/ / /

/ / /

  **B.**  **HUD's Subordinate Deed of Trust Creates a Priority Interest to the Excess Proceeds.**

"The second stage [of an interpleader action] involves the determination of the respective rights of the claimants[.]" *Lincoln Nat'l Life Ins.,* 2013 WL 12132047 at *3. HUD's Subordinate Note provides that the governing law shall be Federal law and the law of the jurisdiction in which the Property is located. Ex. A at pg. 3 of 5 of Subordinate Deed of Trust.

 Generally, cases involving the rights and obligations of the United States or one of its agents under a contract entered into pursuant to authority conferred by federal statute, are governed by federal law. However, "[i]n the absence of an applicable Act of Congress it is for the federal courts to fashion the governing rule of law according to their own standards." *Great Sw. Life Ins. Co. v. Frazier*, 860 F.2d 896, 899 (9th Cir. 1988) (citing *Clearfield Trust Co. v. United States,* 318 U.S. 363, 367 (1943);*United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726 (1979)).[2] And, unless there is an overriding federal interest in uniformity, the applicable state law provides the rule of decision. *Id.* (citation omitted).

 Applying Nevada law, proceeds from a foreclosure sale are to be distributed in the following order: (1) costs and fees of the foreclosure sale; (2) satisfaction of the obligation being enforced by the foreclosure sale; (3) satisfaction of obligations secured by any junior mortgages or liens on the property, in their order of priority; and (4) payment of the balance of the proceeds, if any, to the debtor or the successor in interest. Nev. Rev. Stat. § 40.462.

---

[2] Courts have made the distinction between federal liens and federal government ownership of property finding that federal law dictates where the federal government owns the property and state law applies to disputes involving federal liens. *See Yunis v. United States*, 118 F. Supp. 2d 1024, 1033 (C.D. Cal. 2000) (noting that United States v. Brosnan, 363 U.S. 237 (1960) and United States v. Kimbell Foods, Inc., 440 U.S. 715 (1979), involve federal lien rights, not property owned by the federal government. This is an important distinction when examining whether an application of state law would frustrate the purpose of a federal program.)

"Nevada is a race notice state" which generally means the first party to record a claim or interest in a property will have a priority interest in front of a later recorded interest. *Saticoy Bay LLC Series 2794 Murray Hill Ln v. Bank of Am., N.A.*, No. 2:12-cv-02028-RFB-EJY, 2020 WL 13134052, at *4 (D. Nev. Jan. 30, 2020) (citing *Buhecker v. R.B. Petersen & Sons Const. Co., Inc.,* 929 P.2d 937, 939 (Nev. 1996), Nev. Rev. Stat § 111.325; Nev. Rev. Stat. § 111.320)).

HUD entered into a Subordinate Note secured by a Deed of Trust with Defendant Polleto on September 11, 2014. Ex. A at pg. 1. HUD recorded its Deed of Trust among the land records in Clark County on February 3, 2015. Ex. A at pg. 14; *see also*, **Exhibit C,** Chain of Title Guarantee at pg. 8. Because HUD's Deed of Trust was recorded before all other interested lienholders (save for Plaintiff), it has priority status to the Excess Proceeds after fees and costs are assessed for the foreclosure sale, NRS § 40.462(1). The fees and costs have already been determined by agreement of the parties and subsequently ordered by the Court and subtracted from the Excess Proceeds. ECF No. 11. Thus, the Excess Proceeds should be distributed to satisfy junior mortgages and liens in their order of priority. The order of priority is established by Nevada's race-notice recording act, Nevada Revised Statute § 111.325. The recording of the Subordinate Deed of Trust gave notice of HUD's interest in the Property to all subsequent lien or other interest holders when it was recorded on February 3, 2015. *See* Nev. Rev. Stat. § 111.320 (subsequent purchasers and mortgagees are deemed to be on notice of prior recorded interests); Nev. Rev. Stat. § 111.325 (Nevada's race-notice recording act). To HUD's knowledge, there is no bona fide party with a lien or other interest recorded before HUD. Therefore, under Nevada Revised Statute § 40.462(2), HUD is first in priority.

Poletto is indebted to HUD under the Subordinate Note for $110,040.09. Exs. A, B. Poletto's debt to HUD exceeds the Excess Proceeds. Accordingly, HUD is entitled to recover the entire amount of the Excess Proceeds.

/ / /

/ / /

**C.  Defendant Poletto is Not Entitled to the Excess Proceeds.**

Poletto was served the Plaintiff's Summons and Complaint in Interpleader on March 22, 2022 (ECF No. 1-2 at pgs. 74-75). Poletto has failed to Answer, respond, or otherwise appear in this proceeding. Under Federal Rule of Civil Procedure Rule 12(a)(1)(A)(i), Polletto had 21 days to file an Answer or other responsive pleading from service. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). As such, Poletto is considered to be in default and has waived any rights and interest to the Excess Proceeds. *See* Fed. R. Civ. P. Rule 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *Primerica Life Ins. Co. v. Briggs*, No. 2:14-cv-02146-GMN-PAL, 2016 WL 1294411, at *2, 2016 U.S. Dist. LEXIS 44633, at *10 (D. Nev. March 18, 2016) (Finding that defendants waived any of their rights or interest to policy proceeds due to their failure to answer or otherwise respond to the Complaint).[3]

Notwithstanding the non-appearance, due to HUD's priority interest which exceeds the Excess Proceeds in this case, there are no remaining Excess Proceeds for Poletto to recover.

**D.  Defendant Republic Services Disclaimed Interest in the Excess Proceeds.**

Defendant Republic Services filed a disclaimer of interest thereby disclaiming any interest to the Excess Proceeds. ECF No. 1-2, pgs. 60-62.

**E.  Defendant Tuscany Failed to Respond to the Complaint and Therefore Waived Any Interest in the Excess Proceeds.**

Defendant Tuscany Master Association was properly served a Summons and Complaint through its registered agent (ECF No. 1-2 at pgs. 72-73) and did not respond to the complaint or otherwise make an appearance to defend in this action. As such, Tuscany is considered to be in default and has waived any rights and interest to the Excess Proceeds.

---

[3] *See also Standard Ins. Co. v. Asuncion*, 43 F. Supp. 3d 1154, 1156 (W.D. Wash. 2014), *quoting Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006) ("[N]amed interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted.")

*See* Fed. R. Civ. P. Rule 55(a); *Primerica Life Ins. Co.,* 2016 WL 1294411 at *2, 2016 U.S. Dist. LEXIS 44633 at *10.

### F. Defendant Great Basin Alleges to Have an Interest in the Excess Proceeds But Due to HUD's Priority Status and Debt Amount, There are no Excess Proceeds for Great Basin to Recover.

Defendant Great Basin has appeared in the case and filed an answer to the complaint. ECF No. 1-2, pgs. 63-67. HUD, however, has priority due to its first-in-time recorded Deed of Trust and is entitled to recover the Excess Proceeds in front of Great Basin. Because Poletto's debt to HUD under the Subordinate Note and Deed of Trust exceeds the entire amount of the Excess Proceeds, there are no remaining proceeds for Great Basin to recover.

### VII. Conclusion

There are no genuine disputes concerning the priority claims in this case. Pursuant to Nevada Revised Statute § 40.462, which provides the manner in which excess proceeds should be distributed from a foreclosure sale, HUD has a priority interest over the interested parties in this case. HUD requests summary judgment in its favor and an order from this Court disbursing the deposited Exceeds Proceeds (ECF No. 14) to HUD and dismissal of this case.

Respectfully submitted this 20th day of May, 2022.

JASON M. FRIERSON
United States Attorney

 */s/ Brianna Smith*
BRIANNA SMITH
Assistant United States Attorney

## Certificate of Service

I hereby certify that on <u>May 20, 2022</u>, I electronically filed and served the foregoing **HUD's Motion for Summary Judgment** with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system.

I also served the following individuals and entities by U.S. Mail:

***U.S. Mail:***
Kenneth C. Toop, Esq.
6280 McLeod Dr., Suite 110
Las Vegas, NV 89120
*Attorney for Defendant Scott Poletto*

***U.S. Mail:***
Tuscany Master Association
Registered Agent
8290 Arville Street
Las Vegas, NV 89139
*Defendant*

                                       /s/ *Angel Villalpando*
                                       Angel Villalpando, an employee of
                                       United States Attorney's Office
                                       District of Nevada