UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARRINGTON FORECLOSURE SERVICES, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>SCOTT J. POLETTO, et al.,<br><br>Defendant(s). | Case No. 2:22-CV-606 JCM (BNW)<br><br>ORDER |

Presently before the court is defendant United States of America ("defendant")'s motion for summary judgment and to disburse interpleader funds to the U.S. Department of Housing and Urban Development ("HUD").  (ECF No. 19).  Plaintiff Carrington Foreclosure Services, LLC ("plaintiff"), has not responded, and the time to do so has passed.  Defendant filed a notice of non-opposition.  (ECF No. 21).

Also before the court is defendant's motion for leave to file exhibit D, certified copy of HUD's subordinate deed of trust as another exhibit to its motion for summary judgment.  (ECF No. 26).  Plaintiff has not responded, and the time to do so has passed.

**I.     INTRODUCTION**

Plaintiff initiated this interpleader action in Nevada state court on March 14, 2022, naming Scott J. Poletto ("Poletto"), the secretary of HUD, Great Basin Federal Credit Union ("Great Basin"), Tuscany Master Association, and Republic Silver State Disposal, Inc. d/b/a Republic Services ("Republic Services") as defendants. (ECF No. 1-2).  Defendant timely filed for removal on April 11, 2022.  (ECF No. 1).  Plaintiff's complaint requests the court determine how excess proceeds from the foreclosure sale of 952 Via Vannucci Way, Henderson, Nevada 89011, APN: 160-32-713-057 (the "property") should be distributed to parties who have an interest therein. Defendant timely filed the instant motion.

**James C. Mahan**
**U.S. District Judge**

The court accepts defendant's statement of undisputed material facts.[1]  (*See* ECF No. 19).

The following facts are not in dispute:

1. Poletto executed a deed of trust to secure a loan in the amount of $392,251.00 to purchase the property, which was recorded on May 29, 2009, naming MetLife Home Loans, a Division of MetLife Bank, N.A. as the lender; Nevada Title Company as the trustee; and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, solely as a nominee for lender and lender's successors and assigns ("Deed of Trust") which was recorded on September 12, 2013, naming Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary.  (ECF No. 1-2).

2. On or about October 27, 2011, the deed of trust was assigned to MetLife Home Loans, A Division of MetLife Bank, N.A.  (ECF No. 1-2).

3. On or about May 21, 2013, the deed of trust was assigned to JPMorgan Chase Bank, National Association.  (ECF No. 1-2).

4. On May 28, 2013, a Nevada assignment of deed of trust was recorded assigning the deed of trust to JPMorgan Chase Bank, National Association.  (ECF No. 1-2).

5. On May 27, 2016, a substitution of trustee was recorded against the property naming MCT Financial Inc. d/b/a Trustee Corps as the trustee under the aforementioned deed of trust.  (ECF No. 1-2).

6. On March 28, 2019, a substitution of trustee was recorded against the property naming Quality Loan Service Corporation as the trustee under the aforementioned deed of trust.  (ECF No. 1-2).

7. On September 16, 2020, a corporate assignment of deed of trust was recorded assigning the deed of trust to Wilmington Savings fund Society, FSB, as Trustee of Stanwich 10 Mortgage Loan Trust F.  (ECF No. 1-2).

8. On April 27, 2021, a substitution of trustee was recorded against the property naming plaintiff as the trustee under the aforementioned Deed of Trust.  (ECF No. 1-2).

9. On October 12, 2021, a gap assignment of deed of trust was recorded.  (ECF No. 1-2).

10. After Poletto became delinquent on his loan, plaintiff conducted a nonjudicial foreclosure on the Property on December 7, 2021.  (ECF No. 1-2).

11. The outstanding debt owed to Plaintiff at the time of the foreclosure sale was $393,480.55, and the Property sold for $480,000.00, leaving $86,519.45 in excess proceeds (the "excess proceeds").  (ECF No. 1-2).

---

[1] "If a party fails to properly support an assertion of fact or *fails to properly address another party's assertion of fact* as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e)(2) (emphasis added).

**James C. Mahan**
**U.S. District Judge**

12. Plaintiff has no interest in the Excess Proceeds, (ECF No. 1-2), and by agreement of the parties, the excess proceeds minus Plaintiff's costs and fees were deposited to the Court in the amount of $80,080.89.  (ECF No. 14).

13. On September 11, 2014, HUD and Poletto entered a subordinate note (loan) secured by a subordinate deed of trust for the property.  (ECF Nos. 19-1, 19-2, 19-3).

14. The loan was made on Poletto's behalf by HUD pursuant to the Federal Housing Administration's loss mitigation procedures for mortgage insurance, specifically 12 U.S.C. § 171S(u)(a)), which allows HUD to pay a lender of a "partial claim" to cure a default by the debtor, here Poletto, due under a prior (or primary) mortgage and provide for repayment by Poletto any amounts loaned on his behalf as a partial claim. The repayment obligation is represented by a promissory note and is secured by a subordinate mortgage or deed of trust. (ECF No. 19-4).

15. the deed of trust was recorded on February 3, 2015, instrument number 20150203-0001535 of the official records of Clark County Recorder, State of Nevada.  (*See* ECF No. 19-1).

16. HUD has not been paid by Poletto the amount of its loan under its subordinate note.  (ECF No. 19-4).  The total debt HUD is owed by Poletto is $110,040.09.  (ECF Nos. 19-1, 19-2).

17. On March 14, 2022, Plaintiff filed its complaint for interpleader as to the excess proceeds in the Eighth Judicial District Court, Clark County, Nevada.  (ECF No. 1-2).

18. After filing its complaint, plaintiff effectuated service as follows:

    a. Poletto (through personal service) on March 22, 2022 (ECF No. 1-2);

    b. Great Basin (through service on its registered agent) on March 17, 2022 (ECF No. 1-2);

    c. Tuscany Master Association (through its registered agent) on March 16, 2022 (ECF No. 1-2); and

    d. Republic Silver State Disposal, Inc. d/b/a Republic Services (through its registered agent) on March 16, 2022.  (ECF No. 1-2).

19. HUD removed this interpleader action to this court on April 11, 2022.  (ECF No. 1).

20. HUD filed its answer on April 12, 2022.  (ECF No. 4).

21. Great Basin filed its answer on March 21, 2022.  (ECF No. 1-2).

22. Republic Services filed a disclaimer of interest in the excess proceeds on March 17, 2022. (*See* ECF No. 1-2).

23. Poletto has not filed an answer or otherwise appeared in this action.

24. Tuscany Master Association has not filed an answer or otherwise appeared in this action.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

James C. Mahan
U.S. District Judge

- 3 -

show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to

James C. Mahan
U.S. District Judge

- 4 -

produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any motion constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. A court cannot, however, grant a summary judgment motion merely because it is unopposed, even where its local rules might permit it. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (a district court cannot grant a motion for summary judgment based merely on the fact that the opposing party failed to file an opposition).

Even without an opposition, the court must apply standards consistent with Rule 56, determining if the moving party's motion demonstrates that there is no genuine issue of material fact and judgment is appropriate as a matter of law. *Henry*, 983 F.2d at 950; *see also Clarendon Am. Ins. Co. v. Jai Thai Enters., LLC*, 625 F. Supp. 2d 1099, 1103 (W.D. Wash. 2009).[2]

### III. DISCUSSION

#### a. Judicial Notice

As an initial matter, HUD asks the court to take judicial notice of publicly recorded documents relevant to establishing the debt and priority of claims. (ECF No. 19). Federal Rule of Evidence 201 provides the criteria for which facts may be judicially noticed. *See* Fed. R. Evid. 201. The court may take judicial notice at any stage during the proceeding on its own, or if a party requests its and supplies the court with the necessary information. *Id.* HUD attached copies of documents with this information to its request (ECF No. 19). Each of these documents were recorded with the Clark County recorder's office. (*Id.*; ECF Nos. 19-2–19-5).

These documents are a matter of public record, no party has filed any opposition to HUD's request, and the facts contained in these documents are not subject to reasonable dispute. Accordingly, the court will take judicial notice of the above-mentioned documents.

. . .

. . .

---

[2] "[S]ummary judgment cannot be granted by default, even if there is a complete failure to respond to the motion." Fed. R. Civ. P. 56, 2010 cmt. to subdivision (e). The court may only grant summary judgment if "the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

**James C. Mahan**
**U.S. District Judge**

- 5 -

    b. *Motion for leave to file*

Defendant seeks leave to file a certified copy of HUD's subordinate deet of trust as exhibit D to its motion for summary judgment. (ECF Nos. 26, 26-1). No party opposes this motion; thus the court GRANTS defendant's motion for leave (ECF No. 26) and considers the subordinate deed of trust as exhibit D to the instant motion for summary judgment. *See* LR 7-2(d) (failure of a party to file points and authorities in response to a motion constitutes consent to granting that motion).

    c. *Summary judgment*

In determining HUD's motion for summary judgment, the court must first consider whether the interpleader action is appropriate under Federal Rule of Civil Procedure 22.

Interpleader actions are typically analyzed in two stages. *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012). First, the court must decide whether the requirements for a rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. *Id.* (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023 (9th Cir. 2010)).

Here, a nonjudicial foreclosure sale resulted in excess proceeds constituting one fund. Additionally, adverse claimants to that fund are named in the complaint. Thus, the first interpleader action requirement is met. *See Lee*, 688 F.3d at 1009.

The second stage requires that the court must determine the respective rights of the claimants. *Id.* (quoting *Mack*, 619 F. 3d at 1023-24). Further, "when there is no genuine issue of material facts that justifies continuing to trial, the second stage may be adjudicated on a summary judgment motion." *Lincoln Nat'l Life Ins.Co. v. Graham*, No. 2:21-cv-2177-SVW-RZ, 2013 WL 12132047, at *3 (C.D. Cal. Jan. 3, 2013) (quoting Charles Alan Wright et al., Federal Practice & Procedure § 1714 (3d ed. 2001)).

There is no applicable act of Congress, nor an overriding federal interest in uniformity, so the court applies state law. *See Great Sw. Life Ins. Co. v. Frazier*, 860 F.2d 896, 899 (9th Cir. 1988). Thus, Nevada law is appropriate because the property is located in Nevada. *See id.* Nevada law provides that proceeds form a foreclosure sale are to be distributed according to the following priority: (1) reasonable costs and fees of the foreclosure sale; (2) satisfaction of the obligation being enforced by the foreclosures sale; (3) satisfaction of obligations secured by any junior mortgages or liens on the property, in order of priority; and finally (4) payment of the balance of the proceeds, if any, to the debtor or the debtor's successor in interest. NRS § 40.462.

**James C. Mahan**
**U.S. District Judge**

Further, the first party to record a claim or interest in a property generally has priority over a later-recorded interest because Nevada is a race-notice state. *See Saticoy Bay LLC Series 2794 Murray Hill Ln. v. Bank of Am. N.A.*, 2020 WL 13134052 at *4 (D. Nev. Jan. 30, 2020) (citing *Buhecker v. R.B. Petersen & Sons Const. Co., Inc.*, 99 P.2d 937, 939 (Nev. 1996), NRS §§ 111.320, 111.325)).

Here, HUD entered into a subordinate note secured by a deed of trust with Poletto on September 11, 2014, and recorded same on February 3, 2015. (ECF No. 19-1). HUD was the first[3] of all lienholders to record its interest in the property and thus has priority status to the excess proceeds save for reasonable fees and costs of the foreclosure. *See* NRS §§ 40.462, 111.320, 111.325.

Poletto is indebted to HUD for $110,040.09 under the subordinate note, which exceeds the total excess funds. (ECF Nos. 19-1, 19-4). Republic Services has disclaimed its interest. (ECF No. 1-2). Tuscany Master Association, despite being served, has failed to appear or otherwise assert any interest in the excess funds. (*See* ECF No. 1-2). Great Basin has asserted an interest in the excess proceeds, but did not record its interest until after Poletto recorded his. HUD recorded its interest first and thus has priority followed by Poletto and finally Great Basin. Because Poletto is indebted to HUD under the subordinate note in an amount greater than the excess proceeds, however, and because reasonable fees and costs have already been subtracted from the excess proceeds, HUD is entitled to the entire amount. (*See* ECF No. 11).

**IV.   CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for summary judgment and to disburse interpleader funds (ECF No. 19) is GRANTED.

IT IS FURTHER ORDERED defendant's motion for leave to file (ECF No. 26) is GRANTED.

IT IS FURTHER ORDERED that the deposited excess proceeds be DISBURSED in their entirety to HUD.

. . .

. . .

---

[3] Plaintiff recorded its interest in the property first, but that interest has already been satisfied and thus is not considered in determining priority among defendants.

**James C. Mahan**
**U.S. District Judge**

- 7 -

1    The clerk of the court is instructed to enter judgment in favor of defendants and close this
2    case.
3    DATED March 31, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**